2008 ND 97

**Diane R. WALDIE, Plaintiff and Appellant**

v.

**Scott T. WALDIE, Defendant and Appellee.**

**No. 20070342.**

Supreme Court of North Dakota.

May 15, 2008.

Joanne H. Ottmar (argued) and Steven T. Ottmar (appeared), Ottmar & Ottmar, Jamestown, N.D., for plaintiff and appellant.

James A. Reisnour, Mackenzie & Reisnour, Jamestown, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶1] Diane Waldie appeals from two district court orders denying her motion for relief from judgment and denying her motion and amended motion for redistribution of property entered after her divorce from her husband, Scott Waldie. We reverse and remand to the district court for a redistribution of marital property because of Scott Waldie's material noncompliance regarding payments toward the mortgage.

I

[¶2] Diane Waldie sued for divorce in September 2004. Prior to trial, an interim order was issued in December 2004 allowing Diane Waldie to have exclusive use of the parties' marital home. Scott Waldie was also ordered to pay $348.48 per month toward the mortgage against the home.

Diane Waldie moved to find Scott Waldie in contempt of court in December 2004 because he was not making his payments under the interim order. An addendum to the interim order was then entered, ordering the parties to sell some personal property. Scott Waldie was to use his share of the proceeds to bring himself current on the obligations required to be paid under the interim order. In January 2005, Diane Waldie again moved for a finding of contempt because Scott Waldie had not made any payments toward the mortgage as required under the interim order. This motion was to be heard at the time of the divorce trial.

[¶3] The divorce trial was held in February 2005. Following trial, the home and some farmland located in LaMoure County went into foreclosure because monthly mortgage payments were not made from October 2004 through February 2005. In June 2005, Diane Waldie moved to find Scott Waldie in contempt of court because he had not made any payments toward the mortgage as required under the interim order. On August 1, 2005, the district court issued an order finding Scott Waldie in contempt of court for failing to make the payments as required by the interim order. The court also ordered the farmland to be listed for sale and sold immediately.

[¶4] On August 11, 2005, the district court issued its memorandum opinion. Diane Waldie was to receive the home, valued at $71,500. Scott Waldie was to receive the Kitchen Solutions business started by the parties in 2001 and valued at $30,685. Neither party was to receive spousal support. Diane Waldie was to be responsible for $26,000 of the mortgage, and Scott Waldie was to be responsible for $40,636.72. The amount Scott Waldie was to be responsible for represented the refinancing of the parties' home to obtain

financing for the Kitchen Solutions business.

[¶ 5] The court also indicated how the proceeds from the sale of the farmland, valued at $41,000, were to be used. Each party's attorney's fees were to be paid out of the proceeds, and Diane Waldie was to receive $1,100 for repayment to her for the bills she paid that Scott was required to pay under the interim order. The net proceeds from the sale were to be split evenly between the parties, and Scott Waldie's half was to be applied toward the share of the home mortgage he was required to pay. The farmland was sold in November 2005. The proceeds were not used as provided in the memorandum opinion, however, but were applied instead to the balance on the mortgage as well as to other loans held by the mortgagee. In December 2005, a partial judgment was entered, granting the parties a divorce, but reserving the other issues.

[¶ 6] In January 2006, before the court issued its final judgment in the divorce trial, the parties transferred their home to Diane Waldie's parents. The home was refinanced by Diane Waldie's parents, and as a result, Scott and Diane Waldie were released from their responsibilities under the mortgage.

[¶ 7] The court issued its findings of fact, conclusions of law, and final judgment on the issues of custody, child support, spousal support, and property division in February 2007. The property division from the court's August 2005 memorandum opinion remained the same in the judgment. Diane Waldie was awarded the home, and Scott Waldie was awarded the Kitchen Solutions business. Scott Waldie was also ordered to pay $40,636.72 of the mortgage within six months of the entry of judgment. In August 2007, Diane Waldie moved for relief from the judgment under N.D.R.Civ.P. 60(b), arguing Scott Waldie

obtained a significant windfall by not having to pay off his share of the mortgage, because it had been extinguished when the home was transferred to her parents. The court denied the motion for relief from judgment, concluding Diane Waldie made a deliberate choice to transfer the home to her parents, which resulted in the cancellation of the mortgage debt she and Scott Waldie were required to pay.

[¶ 8] Following the denial of the Rule 60(b) motion, Diane Waldie made a motion and an amended motion for a redistribution of the marital property under N.D.C.C. § 14–05–24(2), because Scott Waldie did not make the required payments under the December 2004 interim order. The motions were also based upon Scott Waldie's failure to pay his share of the mortgage under the February 2007 judgment. The court denied the motion, concluding there was no basis for a redistribution of property and debts. The court stated it had already addressed Scott Waldie's failure to pay under the interim order in the February 2007 judgment when it ordered that $1,100 was to be paid to Diane Waldie out of the proceeds from the sale of farmland. The court stated it had already addressed Scott Waldie's failure to pay his share of the mortgage in its order denying Diane Waldie's N.D.R.Civ.P. 60(b) motion.

[¶ 9] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 10] On appeal, Diane Waldie argues the district court erred in denying her motion for redistribution of property. Section 14–05–24(2), N.D.C.C., provides:

The court may redistribute property and debts in a postjudgment proceeding if a party has failed to disclose property and debts as required by rules adopted by the supreme court or the party fails to comply with the terms of a court order distributing property and debts.

[¶ 11] We have not previously addressed a motion made under N.D.C.C. § 14–05–24(2). We must decide the standard of review for a district court's decision on a redistribution of property under N.D.C.C. § 14–05–24(2). The statute provides in part: "The court may redistribute property." "When a district court *may* do something, it is generally a matter of discretion." *Ackerman v. Ackerman,* 1999 ND 135, ¶ 19, 596 N.W.2d 332; *see also City of Devils Lake v. Corrigan,* 1999 ND 16, ¶ 13, 589 N.W.2d 579. We conclude the abuse-of-discretion standard is the appropriate standard of review to apply to this issue. A district court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably, or if it misinterprets or misapplies the law. *Bertsch v. Bertsch,* 2007 ND 168, ¶ 10, 740 N.W.2d 388.

[¶ 12] In this case, the court denied Diane Waldie's motion and amended motion for redistribution of property, concluding there was no basis for a redistribution of property. In its order denying Diane Waldie's N.D.R.Civ.P. 60(b) motion, the court concluded that although "Diane has lost some value by the loss of the marital estate she was awarded, both Diane and Scott have been relieved of significant debt." The court also stated, "The actions of Diane in deeding the property to her parents, while made under economic stress, have not been shown by her to be anything other than her choice, freely and deliberately made."

[¶ 13] Under N.D.C.C. § 14–05–24(2), a court may redistribute property if a party fails to comply with the terms of a court order distributing property and debts. By the terms of the February 2007 judgment distributing property and debts, Scott Waldie was ordered to pay $40,636.72 toward the mortgage within six months of the date of judgment. At the time of the judgment, however, there was no longer an existing mortgage against the parties. Scott and Diane Waldie's mortgage was released when the home was transferred to Diane Waldie's parents. There was also an interim order issued in December 2004 ordering Scott Waldie to pay $348.48 per month toward the mortgage. These payments were not made, the mortgage went into foreclosure, and he was found to be in contempt of court. His failure to make the payments under the interim order led in part to the mortgage foreclosure.

[¶ 14] Although the home was not part of the marital estate when the February 2007 judgment was issued, it was included as one of Diane Waldie's assets in the valuation of property and debts attached to the judgment. The farmland that was sold prior to the judgment was also included in the valuation of property and debts. The home and farmland represented approximately $112,500 in assets that were not part of the marital estate when the judgment was issued. The transfer of the home and extinguishment of the mortgage resulted in a significant shift in equity between the parties.

[¶ 15] The court said Diane Waldie chose to transfer the home to her parents; however, this appeared to be her only option if she wanted to remain in the home. She stated in an affidavit that she could not refinance the mortgage because of her financial condition; therefore, the home was transferred to her parents so she could continue to reside in it. We conclude the district court abused its discretion in denying Diane Waldie's motion and amended motion to redistribute property

following Scott Waldie's failure to make payments under the interim order. Our holding does not require a redistribution of property each time there is a failure to comply with a court order. Only an egregious noncompliance, or one that results in a significant shift in equity, as in this case, should warrant a redistribution of property.

### III

[¶ 16] Diane Waldie argues the court abused its discretion in not awarding her attorney's fees in bringing the motion to redistribute property. Under N.D.C.C. § 14–05–23, a district court has discretion to award attorney's fees in divorce proceedings. *Bertsch*, 2007 ND 168, ¶ 11, 740 N.W.2d 388. An award of attorney's fees is within the sound discretion of the district court and will not be reversed on appeal absent an abuse of discretion. *Id.* This Court has provided the following guidance for district courts in considering an award of attorney's fees under N.D.C.C. § 14–05–23:

> In deciding whether to award attorney fees in a divorce action, the trial court must balance one [party's] needs against the other [party's] ability to pay. The court should consider the property owned by each party, their relative incomes, whether property is liquid or fixed assets, and whether the action of either party unreasonably increased the time spent on the case. An award of attorney fees requires specific findings supported by evidence of the parties' financial conditions and needs.

*Id.*

[¶ 17] Diane Waldie stated in her affidavit supporting the motion to redistribute that she currently owes her attorney $9,900 and has been able to make only minimal payments. She provided no evidence about what work was done regarding her motion to redistribute property; she only stated how much she owes her attorney. *See Whitmire v. Whitmire*, 1999 ND 56, ¶ 14, 591 N.W.2d 126 ("An award of attorney fees must generally be supported by evidence upon which the court can determine the requested fees are reasonable and legitimate."). We conclude the court did not abuse its discretion in not awarding attorney's fees to Diane Waldie.

### IV

[¶ 18] Because we conclude the district court abused its discretion in denying Diane Waldie's motion and amended motion for a redistribution of property, we need not address the court's denial of her N.D.R.Civ.P. 60(b) motion for relief from the judgment.

### V

[¶ 19] The district court order denying Diane Waldie's motion and amended motion for redistribution of property is reversed and remanded.

[¶ 20] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.