Filed 8/23/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 162

Thomas J. Murphy, Plaintiff and Appellant

v.

Naomi Rossow, f/k/a 

Naomi Murphy, Defendant and Appellee

No. 20090299

Appeal from the District Court of Dunn County, Southwest Judicial District, the Honorable Zane Anderson, Judge.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

Opinion of the Court by Crothers, Justice.

Monte Lane Rogneby (argued) and Robin Ann Schmidt (appeared), U.S. Bank Building, 200 North 3rd Street, Suite 201, P.O. Box 2097, Bismarck, ND 58502-

2097, for plaintiff and appellant.

Bruce A. Selinger, 26 3rd Street East, P.O. Box 1173, Dickinson, ND 58602-

1173, for defendant and appellee.

Murphy v. Rossow

No. 20090299

Crothers, Justice.

[¶1] Thomas Murphy appeals the district court’s amended divorce judgment granting his ex-wife, Naomi Rossow, a one-half interest in mineral rights omitted from the original divorce decree.  We affirm in part, reverse in part and remand for further proceedings.

I

[¶2] In 1978, members of Murphy’s family created a trust and assigned to it mineral rights located in Dunn County.  Murphy was a named beneficiary of the trust until its dissolution in May 2008.  The dissolved trust was in litigation at the time of trial, and Murphy acknowledged a portion of the trust’s minerals would eventually be distributed to him outright.  These minerals are referred to as the trust minerals.

[¶3] In 1980 Murphy’s uncle conveyed real property in Dunn County to Murphy and to Murphy’s brother (“Red”), as tenants in common.  Murphy and Rossow married in 1982, and Red died in 1994.  In 1999, a series of property transactions were executed between Murphy and Sheila Murphy, the personal representative of Red’s estate.  In one transaction, Murphy conveyed three sections of land to Red’s estate by quitclaim deed.  Both Murphy and Rossow were listed as grantors on the quitclaim deed, and the deed reserved the conveyed property’s mineral rights “unto Grantor and Grantor’s heirs and assigns.”  These minerals are referred to as the Sheila Murphy minerals.

[¶4] Murphy and Red also were cotenants of a separate parcel of property in Dunn County as a result of the 1980 conveyance from their uncle.  Sheila Murphy conveyed this property to Murphy by a 1999 quitclaim deed, but she reserved the property’s mineral rights.  Despite this reservation, Murphy claims ownership of ten mineral acres in the parcel.  These minerals are referred to as the ten acre minerals, and for purposes of this appeal, we assume Murphy’s ownership claim is valid.

[¶5] In 2004, Murphy leased a portion of the Sheila Murphy minerals to Diamond Resources.  The lease listed Murphy as a married man, and the income from the lease was reported on the parties’ joint 2004 tax return.  Diamond Resources’ leased interest was eventually assigned to Continental Resources, which began operating a well on the property.

[¶6] When the parties divorced in 2005, Murphy was operating the parties’ ranch and Rossow was operating a real estate business.  The divorce judgment was entered on the parties’ stipulation, granting Murphy the ranch with its associated real and personal property and granting Rossow the real estate business with its associated real and personal property.  The judgment also contained reciprocal provisions awarding the parties their separately owned property.  The judgment did not expressly mention the trust minerals, the Sheila Murphy minerals or the ten acre minerals.

[¶7] In 2007, a landman contacted Rossow seeking to lease her interest in the Sheila Murphy minerals.  Nothing came of this inquiry.  In late 2008, Continental Resources asked Murphy to clear a cloud on his title to the Sheila Murphy minerals created by the 1999 reservation listing both him and Rossow as grantors.  Rossow refused when Murphy asked her to execute a quitclaim deed relinquishing any existing rights to the Sheila Murphy minerals.  Murphy moved in April 2009 to open the divorce judgment and to conclusively determine ownership of the trust minerals, the Sheila Murphy minerals and the ten acre minerals.  Rossow opposed the motion to open, arguing in the alternative that if the judgment was opened the court should equitably divide the mineral interests not addressed by the original judgment.

[¶8] A hearing was held on June 2, 2009.  The district court ruled that the minerals were marital property and that the divorce decree mistakenly omitted the minerals.  The court opted against relitigating the entire property division, instead evenly dividing the trust minerals, the Sheila Murphy minerals and the ten acre minerals between Murphy and Rossow.  Murphy timely filed this appeal.

II

[¶9] Murphy argues the district court erred by opening the divorce judgment because the disputed mineral interests were not omitted from that judgment.  Under N.D.R.Civ.P. 60(b)(i), a district court may revisit a prior judgment when that judgment was the product of “mistake, inadvertence, surprise, or excusable neglect.”  The use of Rule 60(b) to modify a divorce decree’s property distribution is reviewed for an abuse of discretion.  
Manning v. Manning
, 2006 ND 67, ¶ 15, 711 N.W.2d 149.  “A district court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably, or if it misinterprets or misapplies the law.”  
Waldie v. Waldie
, 2008 ND 97, ¶ 11, 748 N.W.2d 683.

[¶10] Here the same judge who entered Murphy’s divorce decree presided over his motion to open.  The district court found the mineral interests should have been part of the marital estate but were mistakenly omitted from the divorce decree.  We give substantial deference to a district court’s interpretation of its own judgment.  
See
 
Orvedal v. Orvedal
, 2003 ND 145, ¶ 5, 669 N.W.2d 89 (allowing district court considerable deference in clarifying its previously entered divorce judgment).  An additional factor weighing in favor of opening the divorce decree is this case’s procedural posture.  Murphy initiated this action, specifically moving the district court “to Reopen the Judgment . . . for the purpose of amending the same so that certain mineral interests that were neglected to be included in it can be distributed by the Court.”  Murphy cannot now object to the district court granting the remedy he requested.  We affirm the opening of the divorce decree, concluding the district court did not abuse its discretion by revisiting its own judgment to address the omitted mineral interests.

III

[¶11] Murphy argues the district court erroneously divided the three disputed mineral interests because the minerals were in his name and possession at the time of divorce.  Murphy claims the provision of the divorce decree granting the parties their separately owned property awarded him sole ownership of the disputed mineral interests.  The district court rejected Murphy’s claim and instead concluded the mineral interests had been omitted from the divorce proceedings.  Distribution of omitted property is effectively an initial property division.  As such, the “district court’s decisions regarding the division of marital property are findings of fact and may be reversed on appeal only if clearly erroneous.”  
Kovarik v. Kovarik
, 2009 ND 82, ¶ 8, 765 N.W.2d 511.  “A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing the entirety of the evidence, this Court is left with a definite and firm conviction a mistake has been made.”  
Lynnes v. Lynnes
, 2008 ND 71, ¶ 12, 747 N.W.2d 93.

A

The Trust Minerals

[¶12] The parties divorced on January 19, 2005.  At that time, the Murphy family trust still existed, and Murphy had only a beneficiary interest in the trust.  Murphy did not obtain an outright ownership interest in the trust minerals until the trust’s dissolution in May 2008.  The district court erred when it divided the trust minerals between Murphy and Rossow because the trust minerals were not owned by either party at the time of divorce.  
See
 
Ulsaker v. White
, 2009 ND 18, ¶ 17, 760 N.W.2d 82.  We reverse the distribution of the trust minerals and remand for the district court to determine the value of Murphy’s beneficiary interest in the Murphy family trust at the time of divorce.  
See
 
Zuger v. Zuger
, 1997 ND 97, ¶ 15, 563 N.W.2d 804 (holding beneficiary interest in trust is property subject to division in divorce).  On remand, the district court also must equitably distribute the value of Murphy’s trust interest at the time of divorce.

B

Ten Acre Minerals

[¶13] Murphy and Red owned the ten acre minerals after a 1980 conveyance from their uncle.  The personal representative of Red’s estate conveyed the property to Murphy in 1999, reserving the minerals.  Our record does not contain evidence of subsequent conveyances, but the validity of Murphy’s mineral ownership is presumed valid for purposes of this appeal.

[¶14] Murphy argues the district court erred in dividing the ten acre minerals between him and Rossow because the minerals “were solely in Murphy’s name prior to the divorce action and Rossow has never had any legal title to these minerals.”  Murphy also argues Rossow knew or reasonably should have known Murphy owned the ten acre minerals because he never concealed his ownership and because Rossow was in the real estate business and public real estate records, if examined, would have revealed his ownership.  Murphy misapprehends our law on the determination and the division of marital estates.

[¶15] Both parties were required to make a pretrial disclosure of all marital assets. N.D.R.Ct. 8.3.  Rule 8.3(a) requires that “[t]he parties shall exchange information and documentary evidence relating to the existence and valuation of assets and liabilities.”  The parties also were required to complete and exchange a pretrial statement that included a listing and an estimated value of all real and personal property owned.  N.D.R.Ct. 8.3(c); N.D.R.Ct. Appendix D.

[¶16] North Dakota law is clear that the marital estate consists of all property owned by divorcing spouses.  We have stated:

“Under N.D.C.C. § 14-05-24(1), the district court must make an equitable distribution of the property of the divorcing parties.  All assets, whether separately obtained or inherited property, are to be considered part of the marital estate.”

Ulsaker v. White
, 2006 ND 133, ¶ 10, 717 N.W.2d 567 (citations omitted).

[¶17] Here, the record shows Murphy owned the ten acre minerals prior to the divorce.  Therefore, this asset was part of the marital estate and should have been distributed in the original divorce judgment.  
Ulsaker
, 2006 ND 133, ¶ 10, 717 N.W.2d 567.  Murphy anticipates this result by arguing that the ten acre minerals were not expressly mentioned in the divorce judgment but that the asset was awarded to him by language providing, “Tom shall receive as his sole and separate property . . . [a]ll property belonging to himself or the parties which is presently in his possession.”  However, we held above that the district court did not abuse its discretion by opening the judgment after it concluded the mineral interests, including the ten acre minerals, had been improperly omitted from the divorce judgment.  We similarly conclude evidence in the record supports the district court’s finding the ten acre minerals were marital assets that were available for distribution to the parties.  Therefore, the district court’s findings are not clearly erroneous, and its equal division of the ten acre minerals is affirmed.

C

Sheila Murphy Minerals

[¶18] The Sheila Murphy minerals came into existence in 1999 when Murphy and Red’s estate exchanged quitclaim deeds to certain real property.  The estate’s deed was executed by Sheila Murphy, Red’s personal representative.  Murphy’s deed was executed by him and Rossow.  Rossow argued she obtained title interest in the property because her execution of the deed operated as a reservation of minerals.

[¶19] Murphy claims that Rossow had no interest in the Sheila Murphy minerals by virtue of a quitclaim deed she signed.  Murphy argues the Sheila Murphy minerals should not have been included in the marital estate and should not have been divided between him and Rossow because, like the ten acre minerals, these minerals were not omitted from the first judgment but were awarded to Murphy as property “presently in his possession.”

[¶20] We reject Murphy’s claim to exclusive ownership of the Sheila Murphy minerals on the same basis we rejected the identical claim about the ten acre minerals.  The district court did not abuse its discretion in opening the prior judgment 

because the minerals existed at the time of the divorce and had been omitted from the judgment.  The district court did not clearly err finding the minerals were properly included and distributed as part of the marital estate.  We do not reach Murphy’s argument that the quitclaim deed did not vest title to the minerals in Rossow’s name because that argument ignores the requirement that all property of both spouses, no matter how acquired or how owned, becomes part of the marital estate and is subject to distribution.  
Ulsaker
, 2006 ND 133, ¶ 10, 717 N.W.2d 567.  Therefore, regardless whether Rossow had an ownership interest in the Sheila Murphy minerals at the time of divorce, the district court did not err by including the minerals in the marital estate and by distributing the minerals to the parties.  We affirm the district court’s equal division of the Sheila Murphy minerals.

IV

[¶21] When the district court opened the divorce judgment, it also ruled on issues that have not been appealed.  These orders include: the award of money judgments to both Murphy and Rossow, the denial of Rossow’s request of compensation for the broke saddle horse she was to receive, the order to leave the horse “Frog” on Murphy’s ranch, the order requiring Murphy to sell the horse “Frog” and the order allowing Rossow to retrieve personal property from Murphy’s home.  We affirm the issues not appealed from the district court’s amended divorce judgment dated July 20, 2009.

V

[¶22] We affirm the opening of the parties’ divorce judgment to address the omitted mineral interests and the distribution of the Sheila Murphy minerals and the ten acre minerals.  We reverse that portion of the district court’s amended judgment equally dividing the trust minerals, and we remand for the district court to value and to equitably distribute Murphy’s interest in the Murphy land trust at the time of divorce.  We also affirm those issues not appealed from the district court’s amended divorce judgment dated July 20, 2009.

[¶23] Daniel J. Crothers

Mary Muehlen Maring

Dale V. Sandstrom

John C. McClintock, Jr., D.J.

Gerald W. VandeWalle, C.J.

[¶24] The Honorable John C. McClintock, Jr., D.J., sitting in place of Kapsner, J., disqualified.