2012 ND 121

**Kathryn SKACHENKO, Plaintiff and Appellee,**

v.

**Roger D. SKACHENKO, Defendant and Appellant.**

No. 20110370.

Supreme Court of North Dakota.

June 12, 2012.

Brenda A. Neubauer, Bismarck, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Roger Skachenko appeals from a district court order denying his request to use marital estate funds to conduct an evaluation of Kathryn Skachenko's business, a district court order denying his request to include, as a separate asset of the marital estate, a loan owed by Kathryn Skachenko's business to her, and a district court judgment requiring him to pay Kathryn Skachenko's attorney fees. We affirm.

I

[¶ 2] Roger and Kathryn Skachenko were married in 1991. Each party had children from prior marriages, but they had no children together. In 1996, Kathryn Skachenko started the business Specialty Sling Co.; she is the sole shareholder. In November 2010, Kathryn Ska-chenko filed a summons and complaint for divorce. The summons included the restraining provisions required by N.D.R.Ct. 8.4. A trial was initially scheduled for March 29, 2011, but was continued until May 16, 2011. On May 4, 2011, Kathryn Skachenko filed a Motion and Brief for Continuance, to Compel Discovery, for Contempt of Court, and for Sanctions and Attorney Fees. In that motion, Kathryn Skachenko alleged Roger Skachenko: "failed to disclose through discovery and in fact, specifically hid, at least $40,000 in marital assets[;]" supplied answers to interrogatories that "were incomplete, evasive, and . . . even fraudulent[;]" "failed to provide documentation of his property [and mineral] interests[;]" "failed to comply with the restraining provisions of [the summons;]" and "failed to disclose . . . a copy of his 2010 federal tax return and attachments and other financial assets."

[¶ 3] On May 5, 2011, the district court held a pretrial conference. Following the pretrial conference, the court found Roger Skachenko had failed to comply with discovery requests and the restraining provisions of the summons, ordered Roger Skachenko to provide a supplemental discovery response, and continued trial until November 2011. The court issued an order freezing the parties' marital accounts but did not freeze Roger Skachenko's personal checking account. The court allowed Roger Skachenko to continue receiving his monthly oil royalty checks although he was "prohibited from encumbering, transferring or disposing the asset." Finding Roger Skachenko's actions egregious, the court held him in contempt and reserved the right to impose sanctions against him.

[¶ 4] In August 2011, Roger Skachenko filed a motion to withdraw funds from the frozen accounts to conduct an

evaluation of Specialty Sling Co. The district court denied his motion, stating Roger Skachenko "has delayed the progress of this case and has not properly accounted for funds he has access to." In November 2011, trial was held. After trial, Roger Skachenko moved to include, as a separate asset of the marital estate, a loan owed by Specialty Sling Co. to Kathryn Skachenko. The district court denied the motion as "frivolous" and "not based on sound accounting." On December 16, 2011, the district court entered a judgment granting the parties a divorce and requiring Roger Skachenko to pay $16,450 of Kathryn Skachenko's attorney fees and costs.

## II

[¶ 5] On appeal, Roger Skachenko argues the district court erred in denying his motion to use frozen funds to conduct an evaluation of Specialty Sling Co. Because Roger Skachenko had access to funds the court had not frozen, the court exercised its discretion in deciding whether to allow him to access the frozen funds, and we review for abuse of discretion. *See Waldie v. Waldie*, 2008 ND 97, ¶ 11, 748 N.W.2d 683. "A district court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably, or if it misinterprets or misapplies the law." *Id.*

[¶ 6] Roger Skachenko contends "all the money used for the evaluation could have been taken out of funds that would later have [been] awarded to Roger [Skachenko] from the marital estate.... Also the order prevented Roger [Skachenko] from getting an evaluation of the fair market value of" Specialty Sling Co., without which the "court in this case didn't have any information to determine a fair market value" of the business. Kathryn Skachenko responds Roger Skachenko had access to his own checking account, was receiving income from his employment and oil royal-

ties, and could have used these funds to obtain an expert evaluation of Specialty Sling Co. Kathryn Skachenko also notes the court did not "deny Roger [Skachenko] the right to obtain a business evaluation, but only the right to use the frozen accounts."

[¶ 7] At the pretrial conference, the parties discussed with the court an order proposed by Kathryn Skachenko to prevent further dissipation of the parties' marital assets, and the following exchange occurred:

[Counsel for Roger Skachenko]: I think that I have no problem with him being limited as far as what he can do, but ... if we do need money for any particular thing, I would probably make a motion to the Court....

THE COURT: You'd also need to include whatever monies he's getting, you need to provide a full accounting of the monies he's getting as royalties before you could expect that anything else would be allowed.

[Counsel for Roger Skachenko]: I would agree with the Court on that. I don't have a problem with that....

Following the pretrial conference, the district court filed an order freezing the parties' marital accounts but specifically excluded Roger Skachenko's personal checking account. The order also stated Roger Skachenko would continue to receive his monthly checks for oil royalties.

[¶ 8] Roger Skachenko subsequently filed a motion "for an Order allowing him to withdraw money from his bank accounts to ... evaluate [Kathryn Skachenko's] business[.]" Attached to the motion was a letter from an accountant listing the information needed to complete an evaluation. The motion did not indicate a dollar amount for the evaluation and did not address any reason why Roger Skachenko

was unable to use funds already available to him.

[¶ 9] We emphasize it is generally a good practice to obtain an expert evaluation of a business subject to division in a divorce proceeding. Yet based on the record of this case, we cannot hold the court acted arbitrarily, capriciously, or unreasonably by denying Roger Skachenko's motion to use frozen marital funds to secure a business evaluation. The district court advised Roger Skachenko he would need to provide an accounting of funds available to him in submitting a motion to access frozen funds, and Roger Skachenko failed to comply with the court's requirement. We conclude the court did not abuse its discretion in denying the motion.

### III

[¶ 10] Roger Skachenko argues the district court erred in denying his post-trial motion to include, as a separate asset of the marital estate, a loan owed by Specialty Sling Co. to Kathryn Skachenko. The district court's denial of a post-trial motion is at issue, and we review under the abuse of discretion standard. *See Waldie*, 2008 ND 97, ¶ 11, 748 N.W.2d 683.

[¶ 11] In support of his argument that a loan owed by Specialty Sling Co. to Kathryn Skachenko should be included as an asset of the marital estate, Roger Skachenko relies on Specialty Sling Co.'s tax returns, which had been provided to him in advance of trial. On October 31, 2011, the parties filed a joint property and debt listing. On November 8, 2011, a revised property and debt listing was filed. Neither listing included the business loan as an asset of Kathryn Skachenko, and Kathryn Skachenko's valuation of Specialty Sling Co. did not take into account the loan owed to her. Before trial, Roger Skachenko did not suggest that the loan should be segregated from the value of the business.

During trial, Roger Skachenko did not ask Kathryn Skachenko any questions regarding the business loan, he did not question a corporate accountant called by Kathryn Skachenko about the loan, and he did not call any witnesses of his own to address how a loan to a sole shareholder impacts the value of a business.

[¶ 12] We note the business loan could have been listed on the property and debt listings filed with the court because the loan is a divisible asset. But the focus of our inquiry on appeal is whether the court abused its discretion by not granting Roger Skachenko's post-trial motion to include the loan as a marital asset separate from the corporation owing the money to one of the parties. We hold the court acted within its discretion when it denied the post-trial motion. Roger Skachenko fails to recognize that if the loan were listed as an asset of Kathryn Skachenko, it would then need to be listed as a liability of Specialty Sling Co. because Kathryn Skachenko is the sole shareholder of the business and because the loan had not previously been considered as a corporate liability. The benefit of listing the loan as a separate asset of Kathryn Skachenko would be offset by listing the loan as a liability of her business, thus affecting the value of the business, and resulting in zero benefit to either party.

[¶ 13] With regard to Roger Skachenko's post-trial motion, the court stated, "It's clearly a frivolous motion. Had there been evidence concerning the value of Ms. Skachenko's business favorable to Mr. Skachenko it could and should have been presented at trial. In fact, the motion is not based on sound accounting." Had the district court deemed it appropriate, it could have adjusted its division of assets. Roger Skachenko has not demonstrated he suffered any harm resulting from the court's denial of his motion. The district

court exercised its discretion in denying the motion, and we affirm.

## IV

[¶ 14]   Roger Skachenko argues the district court erred in ordering him to pay Kathryn Skachenko's attorney fees. Roger Skachenko claims that, while the court stated his conduct increased the cost of litigation and the cost of doing business for Kathryn Skachenko, the court made "no determination of what the cost of these increases were or about the financial needs and conditions of the parties." Roger Skachenko argues "he should only have to pay for the increase in fees caused by his actions[.]"

[¶ 15]   Roger Skachenko contends the district court awarded attorney fees under N.D.C.C. § 14–05–23 but did not make the necessary findings for the award. Although N.D.C.C. § 14–05–23 does address awarding attorney fees in divorce actions, the court in this case imposed attorney fees as a sanction for Roger Skachenko's misconduct throughout the litigation. "A district court has the inherent power to sanction a litigant for misconduct[,]" and such sanctions may include paying the other party's attorney fees. *Dronen v. Dronen*, 2009 ND 70, ¶ 51, 764 N.W.2d 675. On appeal, sanctions based on this inherent power will only be overturned if the court abused its discretion by acting in an arbitrary, unreasonable, or unconscionable manner. *Id.*

[¶ 16]   We have discussed the factors a court should consider before sanctioning a party for misconduct:

> Sanctions must be reasonably proportionate to the misconduct. When sanctioning a party, the district court should consider the culpability, or state of mind, of the party against whom sanctions are being imposed; a finding of prejudice against the moving party, and the degree of this prejudice, including the impact it has on presenting or defending the case; and, the availability of less severe alternative sanctions.

*Dronen*, 2009 ND 70, ¶ 52, 764 N.W.2d 675 (citations and internal quotation marks omitted).

[¶ 17]   At the pretrial conference, Kathryn Skachenko discussed Roger Skachenko's actions of not disclosing assets during discovery and transferring marital assets. The court stated it was inclined to award attorney fees, adding "perhaps after trial, when I have a better understanding of all of the issues involved here.... I need to have more information to determine the extent of the problem and the extent of the attorney's fees necessary to remedy it." In its order filed May 5, 2011, the court found Roger Skachenko failed to comply with Kathryn Skachenko's discovery request, stating Roger Skachenko's "answers to the interrogatories are incomplete as are his provided documents in response to the requests for production of documents." The court also found Roger Skachenko violated the restraining provisions of the summons. The court ordered Roger Skachenko to immediately return a tractor/mower to Kathryn Skachenko and to provide an accounting to her, with a copy to the court, detailing all withdrawals or transfers from the parties' marital accounts. The court specified the accounting "should include, but is not limited to, the three $5000.00 cash withdrawals, the $25,000.00 surrender of the CD/IRA, the $24,000.00 check with memo 'gift' to [Roger Skachenko's] son, and the $8000.00 Discover Credit Card Check." Finding Roger Skachenko's actions egregious, the court held him in contempt, noting "[a]ny further violations will subject [him] to additional sanctions. The Court does reserve the right to issue an additional order and impose additional sanctions after review of

[Roger Skachenko's] accounting of the missing marital funds. Additionally, the funds and [Roger Skachenko's] conduct will be considered at trial."

[¶ 18] In an order filed August 23, 2011, following Roger Skachenko's motion to use frozen funds to conduct a business evaluation, the court stated Roger Skachenko "has delayed the progress of this case and has not properly accounted for funds he has access to.... [Roger] S[k]achenko's conduct in bringing unnecessary motions will be considered when attorney fees are awarded in this matter." Trial was held November 8, 2011, and Roger Skachenko filed a post-trial motion regarding the business loan owed to Kathryn Skachenko on November 14, 2011. On November 21, 2011, Kathryn Skachenko filed an exhibit that listed her attorney fees and costs incurred during the divorce proceeding, totaling $16,540.65. On December 1, 2011, the court filed an order that stated:

Mr. Skachenko had removed all funds from joint checking and saving accounts. He cashed in savings bonds and life insurance. He took funds which had been held as escrow funds for payment of taxes for the marital residence.

Mr. Skachenko and his son engaged in a scam which involved Mr. Skachenko giving his son about $34,500 in marital assets....

. . . .

... Mr. Skachenko was not forthcoming concerning property in his possession, or the value of it.... In particular, I find that Mr. Skachenko undervalued his tools and was not honest about property he claims to have discarded or not have in his possession.

... [Roger Skachenko] attempted to gift $34,500 to his son, and took funds from joint accounts in an attempt to leave Ms. Skachenko without assets.

He refused to allow her to obtain business assets necessary for her to continue to support herself.

For the record, I did not find Mr. Skachenko to be truthful in his testimony. The manner in which he attempted to value assets was clearly an effort to stop Ms. Skachenko from receiving a fair property division. His failure to cooperate in discovery while this matter has been pending has impeded resolution. His claims to have discarded property or that it was not at the residence were untrue. He undervalued his tools....

. . . .

The motion brought under Rule 3.2 of the Rules of Court after trial is *denied*. It's clearly a frivolous motion....

. . . .

Mr. Skachenko filed a 2010 tax return as an individual. He took advantage of all the quarterly tax payments made by the parties and claimed all the itemized deductions....

Mr. Skachenko's failure to cooperate during discovery and his attempts to transfer funds from the marital assets of the parties increased the cost of this litigation. His failure to allow Ms. Skachenko to retrieve property in a reasonable manner added to her cost of doing business. He will be required to pay $16,450 of her attorney fees and costs....

[¶ 19] We hold the court made sufficient findings to support the sanction imposed against Roger Skachenko. As to culpability, the court determined Roger Skachenko's actions were egregious, finding he failed to comply with discovery requests and violated the restraining provisions of the summons. The court also listed Roger Skachenko's numerous transfers of marital assets during the divorce

proceedings, adding he brought unnecessary motions and was not truthful in his testimony. The record supports the court's findings of egregious actions on the part of Roger Skachenko; his misconduct was not minimal, but persistent and willful.

[¶ 20] With regard to a finding of prejudice against Kathryn Skachenko, the court stated Roger Skachenko delayed the progress of the case, "attempt[ed] to leave Ms. Skachenko without assets[,]" made an "effort to stop Ms. Skachenko from receiving a fair property division[,]" "impeded resolution [of the proceeding,]" and "increased the cost of this litigation." The court found Roger Skachenko refused to allow Kathryn Skachenko "to obtain business assets necessary for her to continue to support herself[,]" which "added to her cost of doing business." The court's statements demonstrate a finding that Kathryn Skachenko was prejudiced by Roger Skachenko's actions. The court implied the degree of prejudice to Kathryn Skachenko was high, noting the resulting difficulty she faced in presenting her case.

[¶ 21] Regarding the availability of less severe alternative sanctions, we have stated the party contesting the district court's choice of a sanction has the burden of making it clear to us that "no reasonable person would agree [with] the trial court's assessment of what sanctions are appropriate." *Bachmeier v. Wallwork Truck Ctrs.*, 544 N.W.2d 122, 125 (N.D.1996) (quoting *Patton v. Newmar Corp.*, 538 N.W.2d 116, 119 (Minn.1995)). In this case, the court made Roger Skachenko aware of its intention to award Kathryn Skachenko attorney fees in discussions at the pre-trial conference, in the order filed May 5, 2011, and in the order filed August 23, 2011. Kathryn Skachenko filed an exhibit with the court that listed her attorney fees and costs incurred during the divorce proceedings, which totaled $16,540.65. Roger Skachenko has not met his burden of demonstrating no reasonable person would agree with the court's imposition of costs and attorney fees against him as a sanction for his misconduct. We conclude the court's findings are sufficient to uphold its award of attorney fees as a sanction for Roger Skachenko's misconduct.

V

[¶ 22] We affirm the district court orders and judgment, concluding the court did not abuse its discretion in denying Roger Skachenko's motion to use frozen marital funds to conduct a business evaluation, in denying Roger Skachenko's motion to include, as a separate asset of the marital estate, a loan owed by Specialty Sling Co. to Kathryn Skachenko, or in ordering Roger Skachenko to pay Kathryn Skachenko's attorney fees and costs.

[¶ 23] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, JJ., and ALLAN L. SCHMALENBERGER, S.J., concur.

[¶ 24] The Honorable ALLAN L. SCHMALENBERGER, S.J., sitting in place of SANDSTROM, J., disqualified.