2017 ND 271

**Ronald William ROGERS, Jr.,
Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent
and Appellee**

No. 20170026

Supreme Court of North Dakota.

Filed 11/27/2017

Samuel A. Gereszek (argued) and Anna Dearth (appeared), third-year law student, under the Rule on Limited Practice of Law by Law Students, East Grand Forks, MN, for petitioner and appellant.

Tristan J. Van de Streek, Assistant State's Attorney, Fargo, ND, for respondent and appellee.

Jensen, Justice.

[¶ 1] Ronald Rogers, Jr., appeals from a judgment denying his application for post-conviction relief and orders denying his post-hearing motions to amend the findings of fact and for a new trial. Because the district court did not err in ruling that Rogers received effective assistance of trial counsel or abuse its discretion in denying the post-hearing motions, we affirm the district court's judgment denying the request for post-conviction relief.

## I

[¶ 2] Rogers conditionally pled guilty to murdering his wife and to willful disturbance of a dead body, reserving the right to appeal the district court's denial of his motion to suppress his confession to police based on a lack of *Miranda* warnings and involuntariness. In *State v. Rogers*, 2014 ND 134, ¶ 30, 848 N.W.2d 257, this Court affirmed the conviction, concluding "Rogers was not in police custody when he confessed to the crimes and his confession was voluntary." Pertinent to this proceeding, this Court explained:

> Looking at the totality of the facts, we conclude Rogers' confession was voluntary. Applying the first prong, the characteristics and condition of the accused at the time of the confession, the district court found, "[Rogers] had taken a sleep aid, but was not otherwise under the influence of drugs or alcohol. [Rogers] indicated that he felt good or fine on more than one occasion." The court also found "[Rogers] denied being suicidal, and any mental health issues he may have been experiencing at the time were not significant enough to delay his release." The court additionally noted Rogers' medical assessments appeared to be in the normal ranges. The court determined there was no indication that the sleep aid Trazadone affected his cognitive abilities. The district court's findings are supported by sufficient competent evidence, as indicated by the testimony of the detectives and [Rogers' hospital RN].

*Id.* at ¶ 28.

[¶ 3] Rogers filed an application for postconviction relief contending he received ineffective assistance of counsel in the district court because his attorney did not adequately attack the validity of his confession by pointing out his altered mental state caused by the combination of his excessive blood alcohol level and contemporaneous use of Trazadone. Following a hearing, the district court denied the application because Rogers failed to demonstrate his trial attorney's representation was deficient. The court also denied his motions to amend the findings and for a new trial. Subsequent to filing the notice of appeal Rogers filed a motion to correct the record which was also denied by the district court.

## II

[¶ 4] Rogers argues the district court erred in ruling he received effective assistance of counsel from his trial attorney.

[¶ 5] To prevail on an ineffective assistance of counsel claim, Rogers must show: 1) his counsel's representation fell below an objective standard of reasonableness; and 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See, e.g., Booth v. State*, 2017 ND 97, ¶ 7, 893 N.W.2d 186. The second prong is satisfied in the context of a guilty plea if the defendant shows there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* at ¶ 9. Whether a defendant received ineffective assistance of counsel is a mixed question of fact and law fully reviewable on appeal. *Id.* at ¶ 7.

[¶ 6] Rogers' arguments focus on his trial attorney's failure to stress Rogers' extreme intoxication, coupled with the effects of Trazadone, at the time he was questioned by police and confessed. In particular, Rogers focuses on our prior decision that quoted the district court's determination that Rogers "was not otherwise under the influence of drugs or alcohol." *Rogers*, 2014 ND 134, ¶ 28, 848 N.W.2d 257. Rogers argues that this is contrary to the record which clearly establishes that

he was under the influence of both alcohol and drugs at the time of his confession and that his trial counsel should have offered evidence of how the interaction of alcohol and Trazadone would have altered his mental state.

[¶ 7] At the post-conviction relief hearing, Rogers testified he had a blood alcohol concentration of .375 several hours before his confession as verified by his medical records. He further testified that based on his calculations utilizing a .015 blood alcohol dissipation rate per hour, he would still have had a blood alcohol concentration of .16 when police began questioning him. He also testified that he would have been under the influence of Trazadone when police began questioning. Rogers contends these facts establish that his confession was involuntary. He offered no expert testimony to support his claim. In denying the petition, the district court found Rogers' trial attorney was not deficient because the "issues that … Rogers now characterizes as relating to 'mental state' were addressed by Attorney Brandborg and the trial court judge as part of the analysis of the issue of whether the confession was voluntarily made."

■ [¶ 8] The record of the suppression hearing supports the district court's decision. Documentary evidence introduced at the hearing informed the court that Rogers had a blood alcohol level of .3754 when admitted at 10:40 a.m. and before confessing he had been given Trazadone to help him sleep. His trial attorney pointed out that Rogers was "depressed and drinking heavily" before being admitted to the hospital and was "under the influence of sleeping medication" when questioned. The only thing that was not brought specifically to the court's attention was Rogers' own estimation that he had a .16 blood alcohol concentration when questioning began. However, the district court in the suppres-

sion order specifically found Rogers "was not under the influence of alcohol, and there was no indication that the Trazadone given to him to help him sleep affected his cognitive abilities." In the order denying the request to suppress the confession Rogers gave to law enforcement the district court noted that it had considered all of the circumstances present at the time of the confession. Those circumstances included the statements made by Rogers, that Rogers initiated the contact with law enforcement, that Rogers indicated he felt fine, the observations of Rogers made by medical staff and that the hospital staff was both checking on Rogers and being protective of Rogers' well-being. Based on a review of the record, the district court did not err in finding that Rogers' trial counsel's failure to provide additional evidence on the interaction of alcohol and Trazadone did not fall below an objective standard of reasonableness in light of all the other evidence establishing that the confession was given voluntarily.

■ [¶ 9] The position asserted by Rogers relies on his own extrapolation of his blood alcohol concentration at the time of his confession and the naked assertion that his extrapolated blood alcohol concentration coupled with the Trazadone precludes a determination that his confession was voluntary. His position essentially asserts that as a matter of law it was ineffective assistance of counsel not to call an expert witness when a defendant has given a confession subsequent to the consumption of alcohol coupled with the use of a drug. *See Lund v. Hjelle*, 224 N.W.2d 552, 557 (N.D. 1974) ("experts in this field can arrive by the process of extrapolation at a fairly reasonable estimate of the percentage of blood alcohol in the average person at the time of a certain event") (internal quotation marks omitted). Given the facts of this case, where the district court had access to

the medical records, there was a videotape of the confession, medical personnel provided their observations of the defendant, the defendant initiated the contact with law enforcement, the defendant repeatedly indicated he felt okay, the defendant stated he was proceeding voluntarily and his trial counsel argued the defendant's mental state in conjunction with the assertion that the confession was not voluntary, the district court did not err in finding that Rogers' trial counsel's representation did not fall below an objective standard of reasonableness. In the absence of something more than Rogers' naked assertion that his mental state would have been altered at the time of his confession, the district court did not err in finding that Rogers failed to establish a reasonable probability that, but for his trial counsel's alleged unprofessional errors, he would not have pled guilty and would have insisted on going to trial.

### III

[¶ 10] Rogers argues the district court erred in denying his post-hearing motions.

■■ [¶ 11] After the district court denied his request for post-conviction relief, Rogers moved to amend the district court's finding that the issues were addressed by his trial counsel and the district court in the suppression proceedings. The abuse of discretion standard of review applies to a district court's ruling on a motion to amend the district court's findings. *See Werven v. Werven*, 2016 ND 60, ¶ 24, 877 N.W.2d 9. A district court abuses its discretion only if it acts in an arbitrary, unreasonable or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law. *See Eagleman v. State*, 2016 ND 54, ¶ 19, 877 N.W.2d 1. The motion to amend the findings was simply a repeat of the arguments Rogers submitted in support of his denied application for post-conviction relief. The district court did not abuse its discretion in denying the motion.

■ [¶ 12] Rogers next filed a motion for new trial again asserting the same arguments previously rejected in the denial of his request for post-conviction relief. The abuse of discretion standard of review applies to a district court decision on a motion for a new trial. *See State v. Lemons*, 2004 ND 44, ¶ 18, 675 N.W.2d 148. The district court did not abuse its discretion in denying the motion.

■ [¶ 13] Following the denial of his application for post-conviction relief, the denial of his motion to amend the findings and the denial of his motion for a new trial, Rogers filed a notice of appeal from the denial of his application and the two post-hearing motions. A couple of months later, Rogers filed a motion to "correct the record" pursuant to N.D.R.App.P. 10(h). It was accompanied by a 66–page brief which contained documents copied from the internet related to "Trazadone Interaction" and the rate at which alcohol metabolizes. The documents are consistent with his testimony at the hearing on his application. The district court denied the motion, but allowed the submission to become part of the record essentially as an "offer of proof." Rogers did not file an appeal from the order denying his request to correct the record. Even if the denial of his motion to correct the record could be considered on appeal, the abuse of discretion standard of review applies to a district court decision on a motion to correct the record under N.D.R.App.P. 10(h)(2). *See generally Waldie v. Waldie*, 2008 ND 97, ¶ 11, 748 N.W.2d 683 ("When a district court <u>may</u> do something, it is generally a matter of discretion.") (internal quotation marks omitted). Because the documents were not

erroneously omitted or misstated in the record of Rogers' post-conviction hearing, the district court did not abuse its discretion in denying the motion.

## IV

[¶ 14] The district court properly determined that Rogers' trial counsel's representation did not fall below an objective standard of reasonableness, and Rogers failed to establish a reasonable probability that, but for his trial counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial. Additionally, the district court did not abuse its discretion in denying the motion to amend the findings and the motion for a new trial. We affirm the district court's judgment denying the request for post-conviction relief.

[¶ 15] Jon J. Jensen

Jerod E. Tufte

Daniel J. Crothers

Ronald E. Goodman, S.J.

Gerald W. VandeWalle, C.J.

[¶ 16] The Honorable Ronald E. Goodman, S.J., sitting in place of McEvers, J., disqualified.