# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2019 ND 246

State of North Dakota,                                    Plaintiff and Appellee

    v.

Terrance Christopher Tyler,                          Defendant and Appellant

### No. 20190067

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Mindy L. Anderson, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Caitlyn A. Pierson, Minot, ND, for defendant and appellant.

**Jensen, Justice.**

[¶1]   Terrance Tyler appeals from a judgment entered following his conviction for Aggravated Assault in violation of N.D.C.C. § 12.1-17-02(1)(a). Tyler contends that the district court abused its discretion in denying his motions for mistrial when the victim became unavailable to provide additional testimony after testifying earlier in the trial, the district court improperly altered the order of the trial, and the unavailability of the victim to provide additional testimony resulted in a manifest injustice. We affirm the judgment of the district court.

I

[¶2]   Tyler was charged with Aggravated Assault in violation of N.D.C.C. § 12.1-17-02(1)(a) following an altercation with the victim. The victim was subpoenaed by the State and was called as a witness during the presentation of the State's case. Following her direct testimony, the victim was subject to cross-examination by Tyler's counsel. At the conclusion of her testimony, the district court informed the victim she had not been released from her subpoena, excluded the victim from the courtroom, and told the victim she could be recalled as a witness for either the State or the Defendant.

[¶3]   The victim went into premature labor after her testimony and before the start of the next day of trial. Tyler moved for a mistrial asserting he was prejudiced by the unavailability of the victim to provide additional testimony. The district court denied the motion for a mistrial. The State called three additional witnesses and rested its case. Tyler moved for a mistrial for a second time based on the absence of the victim and the district court again denied the request for a mistrial. Tyler immediately requested that the district court allow the victim to be recalled to testify by telephone, the State opposed, and the district court denied the request to recall the victim as a witness by telephone.

[¶4] On appeal Tyler contends that the district court abused its discretion in denying his request for a mistrial. He argues the district court erred by relying on his failure to express his intention at the end of the victim's testimony that the victim would be called as a witness during presentation of his case. He also argues the district court abused its discretion by altering the order of trial without providing notice to Tyler. Finally, he argues the victim's absence was a manifest injustice requiring a mistrial.

## II

[¶5] A district court has broad discretion in ruling on a motion for a mistrial and will not be reversed on appeal unless the court clearly abused its discretion or a manifest injustice would occur. *State v. Rende*, 2018 ND 33, ¶ 5, 905 N.W.2d 909. An abuse of discretion may occur when the district court misinterprets or misapplies the law, or when the district court acts in an arbitrary, unreasonable, or capricious manner. *Id.* A mistrial is an extreme remedy which should be granted only when there is a fundamental defect or occurrence in the proceedings that makes it clear that further proceedings would be productive of manifest injustice. *Id.*

[¶6] Tyler asserts that the district court abused its discretion through a misapplication of the law when the court noted that after the victim had testified as a witness for the State, Tyler had failed to inform the court the victim would be called during Tyler's case as a witness. Tyler asserts that requiring a defendant to disclose who the defendant may call as a witness violates N.D.R.Crim.P. 16 limiting the obligation to disclose witnesses to the State.

[¶7] We have previously recognized, in the context of a motion for a new trial, the district court has broad discretion when a material witness is unavailable through no fault of either party and a defendant fails to demonstrate prejudice. *State v. Lemons*, 2004 ND 44, ¶ 23, 675 N.W.2d 148. A district court abuses its discretion when it acts arbitrarily, unreasonably, or capriciously in denying a party's motion for a new trial. *Rogers v. State*, 2017 ND 271, ¶ 11, 903 N.W.2d 730. See *Flatt v. Kantak*, 2004 ND 173, ¶ 16, 687 N.W.2d 208, 219 (considering

the district court's ruling, as a whole, to determine whether the district court had abused its discretion).

[¶8]   The district court's references to Tyler's failure to indicate the victim would be recalled as a defense witness were not made in isolation and were made in the context of assessing what should be done about an unavailable witness. The witness here had testified the day before during the State's case-in-chief. At the end of her testimony, the witness remained subject to the State's subpoena to appear, was sequestered from the courtroom, and was informed she may be called to provide further testimony. The district court's denial of the request for a mistrial was not limited to referencing Tyler's failure to express an intent to recall the victim, but also included the following: an observation Tyler had not made an "offer of proof," an observation there had been "no suggestion of what testimony she [the victim] might or would or could give if she were placed on the witness stand," an observation the victim had testified and been subject to cross-examination earlier in the trial, and an observation Tyler had been given great latitude in the scope of the earlier cross-examination. We conclude the district court did not act arbitrarily, unreasonably, or capriciously in denying the motion for a mistrial.

[¶9]   Tyler contends the denial of a mistrial resulted in a manifest injustice. The victim provided testimony during the trial and was subject to cross-examination. The district court allowed the scope of cross-examination to be expanded beyond the State's direct examination of the victim. The victim's subsequent unavailability was not the fault of either party. Tyler did not ask for a continuance of the trial. Tyler did not make an offer of proof to provide a record of what additional testimony the victim would provide and why the additional testimony was material. We conclude the district court did not act arbitrarily, unreasonably, or capriciously in denying the motion for a mistrial and Tyler has failed to demonstrate the denial of the mistrial was a manifest injustice.

## III

[¶10] Tyler contends that the district court changed the order of trial without notice in violation of N.D.C.C. § 29-21-01. Tyler argues the district court altered the order by relying on Tyler's opportunity to cross-examine the victim and go beyond the scope of cross-examination during the State's case-in-chief as a reason to support the denial of his request for a mistrial. He argues this was a change in trial procedure that required him, without notice, to present at least a portion of his defense within the State's case-in-chief.

[¶11] The district court's references to Tyler's opportunity to examine the victim and go beyond the scope of cross-examination were made within the context of discussing the victim's unexpected absence and Tyler's motion for a mistrial. At the end of the victim's testimony, she was informed by the district court she remained under subpoena, and was told "you remain at call by either the State or defense." At this juncture, the district court was unaware the victim would become unavailable and did not preclude the victim from being called by Tyler to provide additional testimony.

[¶12] We disagree with Tyler's assertion that the district court improperly changed the order of trial by denying his request for a mistrial. The district court did not alter the order of trial, but was addressing the situation of a witness who had earlier appeared at trial but was unexpectedly no longer available to appear. As provided above, we conclude the district court's denial of the motion for a mistrial was not an abuse of discretion.

4

## IV

[¶13] The district court did not abuse its discretion through a misapplication of the law by referencing Tyler had failed to indicate the victim would be recalled as a witness. The district court did not improperly modify the order of trial when the victim became unavailable to provide additional testimony after having been called during the State's case-in-chief. The unavailability of the victim to provide additional testimony did not result in a manifest injustice. We affirm the judgment of the district court.

[¶14] Jon J. Jensen
Lisa Fair McEvers
Jerod E. Tufte
Daniel J. Crothers
Gerald W. VandeWalle, C.J.