# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 179

Robert Michael Williamson,                              Petitioner and Appellant

v.

State of North Dakota,                                   Respondent and Appellee

## No. 20230069

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Per Curiam.

Kiara C. Kraus-Parr, Grand Forks, N.D., for petitioner and appellant; submitted on brief.

David L. Rappenecker, Assistant State's Attorney, Bismarck, N.D., for respondent and appellee; submitted on brief.

# Williamson v. State
## No. 20230069

**Per Curiam.**

[¶1] Robert Michael Williamson appeals from an order denying his application for postconviction relief. He argues the district court abused its discretion by not permitting confidential attorney-client communication during his telephonic hearing. Williamson also requests correction of the record.[1] We summarily affirm the order denying his application for postconviction relief, and deny the request to correct the record.

[¶2] Williamson argues the district court erred by not allowing him to have "appropriate confidential attorney-client communication" during his telephonic hearing. The parties stipulated to telephonic or electronic appearance. During the hearing, Williamson and his attorney conferred in a private electronic chat room. The district court has broad discretion over the progress and conduct of a trial or hearing. *Schrodt v. Schrodt*, 2022 ND 64, ¶ 8, 971 N.W.2d 861. We summarily affirm under N.D.R.App.P. 35.1(a)(4).

[¶3] Williamson also requests this Court correct the record pursuant to N.D.R.App.P. 10(h) and 27. Williamson moved the district court to correct the record, arguing the transcript contains two errors. The district court "listened to the recording of the proceedings" and denied the motion. "[T]he abuse of discretion standard of review applies to a district court decision on a motion to correct the record under N.D.R.App.P. 10(h)(2)." *Rogers v. State*, 2017 ND 271, ¶ 13, 903 N.W.2d 730; *see also Waldie v. Waldie*, 2008 ND 97, ¶ 11, 748 N.W.2d 683 ("When a district court *may* do something, it is generally a matter of discretion."). After reviewing the recording and the transcript, we conclude the district court did not abuse its discretion in denying the motion because the transcript accurately reflects the audio recording. The request to this Court to correct the record is denied for the same reason.

---

[1] Williamson's claim regarding an illegal sentence will be addressed in his direct appeal. *See Case No. 20230205.*

[¶4] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr