2012 ND 220

**Karl MOSENG, Plaintiff and Appellant**

v.

**Lynn FREY and Hartland Mutual Insurance Company, Defendants and Appellees.**

**No. 20120226.**

Supreme Court of North Dakota.

Oct. 23, 2012.

Jeffrey Scott Weikum, Bismarck, ND, for plaintiff and appellant.

Jerry W. Evenson (appeared), Bismarck, ND and Brian Schmidt, third-year law student, arguing under the Rule on Limited Practice of Law by Law Student, for defendant and appellee, Lynn Frey.

Steven A. Storslee, Bismarck, ND, for defendant and appellee, Hartland Mutual Insurance Company.

CROTHERS, Justice.

[¶ 1] Karl Moseng appeals a district court judgment granting Lynn Frey and Hartland Mutual Insurance Company's Motions to dismiss Karl Moseng's claims for negligence and negligent infliction of emotional distress. Karl Moseng argues he has legally sufficient claims. We conclude Karl Moseng's claims are legally insufficient, and we affirm.

I

[¶ 2] Karl Moseng and his wife Vicki Moseng were employed by Hartland Mu-

tual Insurance Company. Lynn Frey was Vicki Moseng's supervisor from 1985 to 2008. Karl Moseng alleged Frey used his position as a supervisor with Hartland to arrange sexual liaisons with Vicki Moseng from 1988 through 1991. Specifically, Karl Moseng alleged Frey sent Karl Moseng on geographically distant employment tasks to more easily allow the liaisons between Frey and Vicki Moseng. Karl Moseng alleged both Frey and Hartland utilized their positions as supervisor and employer to conceal the affair.

[¶ 3] Karl Moseng brought claims of negligence and negligent infliction of emotional distress. Frey and Hartland moved to dismiss under N.D.R.Civ.P. 12(b)(6). Judgment granting the dismissal with prejudice was entered on March 2, 2012.

## II

[¶ 4] Karl Moseng argues the district court erred by granting Frey and Hartland's motions to dismiss. The district court concluded Karl Moseng's claims of negligence and negligent infliction of emotional distress were masked alienation of affections claims and therefore legally insufficient. Karl Moseng argues his claims are not masked alienation of affections claims because Frey and Hartland violated their duties as employers to Karl Moseng as an employee by unnecessarily sending him to geographically distant locations to facilitate the sexual liaisons between Frey and Vicki Moseng. Karl Moseng attempts to characterize Frey's and Hartland's conduct as violations of N.D.C.C. § 34–01–01, which defines a contract of employment as when an employer engages another to do something for the benefit of the employer or third person. He argues that he was bound to comply with Frey's directives under N.D.C.C. § 34–02–08 requiring an employee substantially comply with all directions of the employer and that Frey

and Hartland, as his employer, must indemnify him for losses caused by Frey and Hartland's lack of care under N.D.C.C. § 34–02–03. Frey and Hartland argue Karl Moseng's claims are barred by the statute abolishing alienation of affections actions.

[¶ 5] "A motion to dismiss a complaint under N.D.R.Civ.P. 12(b)(6) tests 'the legal sufficiency of the statement of the claim presented in the complaint.'" *Hale v. State*, 2012 ND 148, ¶ 13, 818 N.W.2d 684 (quoting *Ziegelmann v. DaimlerChrysler Corp.*, 2002 ND 134, ¶ 5, 649 N.W.2d 556). "[W]e construe the complaint in the light most favorable to the plaintiff, taking as true the well-pleaded allegations in the complaint." *Hale*, at ¶ 13 (quotation omitted). "Under N.D.R.Civ.P. 12(b)(6), a 'complaint should not be dismissed unless "it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted."'" *Hale*, at ¶ 13 (quotation omitted). "We will affirm a judgment dismissing a complaint for failure to state a claim if we cannot 'discern a potential for proof to support it.'" *Id.* (quotation omitted).

## A

[¶ 6] Claims for alienation of affections have been statutorily abolished in this state. "All civil claims for relief for breach of promise to marry, alienation of affection, criminal conversation, and seduction are abolished." N.D.C.C. § 14–02–06. This Court has not addressed whether a tort claim based on these types of underlying allegations can survive a motion to dismiss. However, the Court of Special Appeals of Maryland faced a similar case in *Gasper v. Lighthouse, Inc.*, 73 Md.App. 367, 533 A.2d 1358 (1987). There, Gasper alleged his wife had an affair with their marriage counselor. *Id.* at 1359. Like Karl Moseng, Gasper brought claims of

negligence and intentional infliction of emotional distress against the counselor and the counselor's employer. *Id.* at 1359–60. The district court granted the defendants' motion to dismiss. *Id.* at 1360. The court of appeals affirmed. *Id.* at 1361. The court reasoned that while the abolition of alienation of affections claims does not preclude every claim that happens to arise from an improper liaison,

> "What *is* precluded, however, is the refitting of the abolished actions into other forms. One cannot sue to recover for injuries arising from 'defilement of the marriage bed' or from an interference with the marriage by simply casting the defendant's conduct as a breach of contract, or negligence, or some other intentional tort. It is *that* kind of sham that the case law prevents."

*Id.* at 1360. Key for the court was that Gasper's allegations lacked any articulated negligence other than the affair itself. "It is clear from the incorporation of the underlying allegations and the absence of any other articulated negligence that the sole basis of these actions was Derby's cuckolding activity." *Id.* at 1361. Similarly, Karl Moseng failed to make any allegations articulating any negligence independent of the affair.

[¶ 7] Karl Moseng alleged in his complaint "Defendant Frey utilized his position as supervisor for plaintiff Karl Moseng to require that plaintiff Karl Moseng be engaged in employment tasks that were geographically distant from the employment tasks given to Vicki Moseng so that the geographical distance would more easily allow sexual liaisons with Vicki Moseng." Karl Moseng also alleged Frey and Hartland concealed the existence of the sexual liaisons. Karl Moseng's alleged damages flow from these liaisons. "[A]llowing recovery for damages relating to the alienation of a spouse's affections

would defeat the legislature's stated purpose in abolishing the heart balm actions." *R.E.R. v. J.G.*, 552 N.W.2d 27, 29 (Minn. Ct.App.1996).

[¶ 8] *Quinn v. Walsh* provides another instance of a complaint being dismissed for failure to state a claim because the complaint relied on allegations of marital infidelity. 49 Mass.App.Ct. 696, 732 N.E.2d 330 (2000). There, a man engaged in an open affair with a married woman. *Id.* at 332. The purpose of the affair in part was to injure the husband. *Id.* The husband sued for intentional infliction of emotional distress. *Id.* at 338. The court held, "By abolishing these common law torts, the Legislature has registered its intent to preclude recovery for emotional distress resulting from adultery." *Id.* at 337.

[¶ 9] We agree with the reasoning of *Gasper* and *Quinn*. Karl Moseng cannot recover damages stemming from emotional distress resulting from sexual liaisons between Vicki Moseng and Frey. Karl Moseng's negligence claims are disguised claims for alienation of affections and therefore are legally insufficient.

[¶ 10] We affirm, concluding Karl Moseng failed to state a claim upon which relief can be granted because his negligence claims are masked claims for alienation of affections.

### III

[¶ 11] We affirm the district court's judgment dismissing Karl Moseng's complaint.

[¶ 12] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.