2013 ND 169

**McCOLL FARMS, LLC, Plaintiff
and Appellant**

**and**

**Aaron McColl, personally, Plaintiff**

**v.**

**Lisa Rae PFLAUM, f/k/a Lisa
Rae McColl, Defendant
and Appellee.**

**No. 20130053.**

Supreme Court of North Dakota.

Sept. 25, 2013.

DeWayne A. Johnston (argued) and Jacey L. Johnston (appeared), Grand Forks, N.D., for plaintiff and appellant.

Michael L. Gjesdahl, Insight Professional Offices, Fargo, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1] McColl Farms, LLC, appeals from district court orders[1] dismissing its claims against Lisa Pflaum for unjust enrichment, misappropriation, racketeering, and conversion and ordering McColl Farms and its attorney to pay her attorney's fees. We affirm the district court's dismissal of the claims for misappropriation, racketeering, and conversion. We reverse the order of the district court dated July 17, 2012, granting dismissal as to Count I—unjust enrichment, the order of the district court dated December 5, 2012, ordering sanctions, and the judgment of dismissal dated December 10, 2012. We remand for further proceedings consistent with this opinion.

I

[¶ 2] McColl Farms is a limited liability company with three members. Cynthia McColl held a majority interest and Aaron McColl and Katie Watson held minority interests. Aaron McColl was employed by McColl Farms. Aaron McColl was married to Pflaum until their December 2009 divorce.

[¶ 3] In December 2011, McColl Farms and Aaron McColl sued Pflaum for unjust enrichment, coercion, conversion, misappropriation, and racketeering. They alleged that Pflaum, individually or in concert with Aaron McColl, converted and misappropriated more than $650,000 from McColl Farms between 2007 and 2009.

[¶ 4] On December 23, 2011, Pflaum moved to dismiss the action for failure to state a claim upon which relief can be granted under N.D.R.Civ.P. 12(b)(6) or alternatively for summary judgment under N.D.R.Civ.P. 56. On December 20, 2011, Pflaum moved for sanctions under N.D.R.Civ.P. 11. On March 7, 2012, McColl Farms and Aaron McColl moved for partial summary judgment. The motion for summary judgment was accompanied by an affidavit from DeWayne Johnston, McColl Farms and Aaron McColl's attorney, with exhibits attached, including documents related to Aaron McColl and Pflaum's banking records. Pflaum objected to the admission of Johnston's affidavit. Later, Aaron McColl and Cynthia McColl also filed affidavits in support of the motion for summary judgment.

[¶ 5] A hearing was held on the motions to dismiss and for sanctions on April 10, 2012, and the district court indicated it was not going to consider the motions for summary judgment at that time and it directed the parties to submit additional briefs and documentation relating to Pflaum's request for attorney's fees. On May 8, 2012, the court was advised Aaron McColl died. On July 19, 2012, the court granted Pflaum's motion and dismissed all of the claims against Pflaum brought by

---

1. A final judgment of dismissal was subsequently entered on December 10, 2012. We have held that an attempted appeal from an order that is not appealable will be treated as an appeal from the subsequently entered consistent final judgment. *Herring v. Lisbon Partners Credit Fund, Ltd. P'ship*, 2012 ND 226, ¶¶ 5–6, 823 N.W.2d 493.

Aaron McColl and his estate. The court also dismissed all of McColl Farms' claims except the claim for conversion. The court stated it would consider summary judgment on the remaining claim for conversion after the parties had an opportunity to submit additional affidavits or evidentiary references and responsive briefs. The court advised the parties that it would not consider Johnston's affidavit because it was not based on personal knowledge. The court deferred its ruling on Pflaum's request for sanctions.

[¶ 6] On October 2, 2012, McColl Farms moved to clarify the record about Johnston's affidavit. On December 5, 2012, the court denied the motion to clarify the record and ordered that it would not consider Johnston's affidavit and attached exhibits when it ruled on the motion for summary judgment. The court ruled Johnston did not have personal knowledge of the banking records or any other evidence to establish a foundational basis for admission of the exhibits.

[¶ 7] On December 5, 2012, the court entered an order granting Pflaum's motion for summary judgment and dismissing McColl Farms' conversion claim. The court held Aaron McColl's affidavit and any statements he made to Cynthia McColl that are contained in her affidavit are hearsay and not admissible. The court further held the statements are not admissible under N.D.R.Evid. 804(b)(3) as statements against interest and the statements would not be considered by the district court in addressing Pflaum's motion for summary judgment. The court dismissed the conversion claim holding there was no admissible evidence that Pflaum transferred any funds from McColl Farms' accounts or from any other source to Pflaum and Aaron McColl's joint personal account and there was no evidence Pflaum knew that Aaron McColl was not authorized to place the McColl Farms' funds in their joint account. The court also ordered McColl Farms, Aaron McColl or his estate, and Johnston, jointly and severally, to pay $14,500 in attorney's fees and expenses to Pflaum. A judgment dismissing the action was subsequently entered on December 10, 2012.

[¶ 8] On February 13, 2013, McColl Farms filed a notice of appeal. Pflaum moved to dismiss Aaron McColl and his estate as an appellant and moved for attorney's fees and costs incurred in responding to the appeal.

II

[¶ 9] McColl Farms argues the district court erred in continuing to exercise jurisdiction over Aaron McColl after his death. They contend an action only continues against the remaining parties after one party's death unless a party is brought in by substitution, there was no order or motion for substitution, filing and serving the notice of death dismissed the action against Aaron McColl, and the court erred in assessing sanctions against Aaron McColl's estate.

[¶ 10] To have standing to litigate an issue a party must have suffered some injury from the putatively illegal action and the party must assert his own legal rights and interests and cannot rest his claim on the legal rights and interests of third parties. *See In re J.D.F.*, 2010 ND 160, ¶ 14, 787 N.W.2d 738. McColl Farms does not have standing to raise any issues about whether the court erred in deciding Aaron McColl's claims on the merits or ordering sanctions.

[¶ 11] Furthermore, neither Aaron McColl nor his estate filed a notice of appeal, and therefore Aaron McColl did not appeal the court's orders or judgments, including the judgment for sanctions. *See* N.D.R.App.P. 3(a) (an appeal to

the supreme court may be taken only by filing a notice of appeal). Therefore, we also deny Pflaum's motion to dismiss any appeal taken on behalf of Aaron McColl or his estate.

## III

[¶ 12] McColl Farms argues the court erred in granting Pflaum's motion under N.D.R.Civ.P. 12(b)(6) and dismissing its claims for unjust enrichment, misappropriation, and racketeering. McColl Farms does not argue the court erred in dismissing its coercion claim.

A motion to dismiss a complaint under N.D.R.Civ.P. 12(b)(6) tests the legal sufficiency of the statement of the claim presented in the complaint. We construe the complaint in the light most favorable to the plaintiff, taking as true the well-pleaded allegations in the complaint. Under N.D.R.Civ.P. 12(b)(6), a complaint should not be dismissed unless it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted. We will affirm a judgment dismissing a complaint for failure to state a claim if we cannot discern a potential for proof to support it.

*Moseng v. Frey*, 2012 ND 220, ¶ 5, 822 N.W.2d 464 (citations and quotations omitted).

## A

[¶ 13] Pflaum argues the claims were properly dismissed because privity exists between Aaron McColl and McColl Farms. Pflaum contends Aaron McColl and McColl Farms were attempting to collaterally attack Aaron McColl and Pflaum's divorce judgment and property distribution, res judicata applies, the parties are bound by the divorce judgment, and therefore the entire case should have been dismissed.

[¶ 14] Res judicata prohibits the relitigation of claims or issues that were raised or could have been raised in a prior action between the same parties or their privies. *Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 383 (N.D.1992). Only parties or their privies may be bound by a former judgment under the doctrine of res judicata. *Id.* at 384. "[P]rivity exists if a person is 'so identified in interest with another that he represents the same legal right.'" *Id.* (quoting 46 Am.Jur.2d *Judgments* § 532 (1969)). Fundamental fairness underlies the determination of privity. *Hofsommer*, at 384.

[¶ 15] The district court rejected Pflaum's argument, ruling privity did not exist and preclude McColl Farms from pursuing its claims. The court ruled there could be no mutuality of the rights or interests between McColl Farms and Aaron McColl when Aaron McColl's misappropriation deprived the other members from financial resources. McColl Farms was not a party in the divorce proceedings and Aaron McColl only held a minority interest in the company. Privity does not exist and the claims were not precluded by res judicata.

## B

[¶ 16] The district court dismissed McColl Farms' unjust enrichment claim, holding that "on the face of the pleadings" McColl Farms would be unable to prove a claim for unjust enrichment. The district court held the availability of unjust enrichment as a remedy requires the absence of a remedy provided by law and McColl Farms had a remedy at law in its claim for conversion. McColl Farms argues recovery can be sought under several theories or alternative theories and the unjust enrichment claim should not have been dis-

missed on the basis of failure to state a claim upon which relief can be granted.

■ [¶ 17] Claims for relief may be sought under different or alternative theories. N.D.R.Civ.P. 8(a); *Hagert v. Hatton Commodities, Inc.*, 350 N.W.2d 591, 594 (N.D.1984). Although a party is generally not entitled to an equitable remedy if there is an adequate remedy at law, a party may seek relief and proceed on both types of claims and the legal claims will generally be resolved first. *Erickson v. Brown*, 2008 ND 57, ¶¶ 39, 42–43, 747 N.W.2d 34.

■ [¶ 18] "Unjust enrichment is a broad, equitable doctrine which rests upon quasi or constructive contracts implied by law to prevent a person from unjustly enriching himself at the expense of another." *Hayden v. Medcenter One, Inc.*, 2013 ND 46, ¶ 14, 828 N.W.2d 775. To recover under a theory of unjust enrichment, the plaintiff must prove: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) the absence of a justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law. *Ritter, Laber and Assoc., Inc. v. Koch Oil, Inc.*, 2004 ND 117, ¶ 26, 680 N.W.2d 634. The theory may be invoked when " 'a person has and retains money or benefits which in justice and equity belong to another.' " *Id.* (quoting *Midland Diesel Serv. & Engine Co. v. Sivertson*, 307 N.W.2d 555, 557 (N.D.1981)). "For a complainant to recover, it is sufficient if another 'has, without justification, obtained a benefit at the direct expense of the complainant, who then has no legal means of retrieving it.' " *Apache Corp. v. MDU Res. Grp., Inc.*, 1999 ND 247, ¶ 14, 603 N.W.2d 891 (quoting *Sivertson*, at 557). "The essential element in recovering under the theory is the receipt of a benefit by the defendant from the plaintiff which would

be inequitable to retain without paying for its value." *Hayden*, at ¶ 14.

■ [¶ 19] The district court dismissed McColl Farms' unjust enrichment claim concluding it could not prove an absence of a remedy at law, because the conversion claim was an available remedy at law. However, a claim should not be dismissed under N.D.R.Civ.P. 12(b)(6), unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Bala v. State*, 2010 ND 164, ¶ 7, 787 N.W.2d 761. We will affirm a dismissal of the claim only if we cannot discern a potential for proof to support it. *Moseng*, 2012 ND 220, ¶ 5, 822 N.W.2d 464.

■ [¶ 20] Although McColl Farms also sued Pflaum for conversion, it was possible there would be an absence of a remedy at law and McColl Farms would be able to prove a claim for unjust enrichment. A claim of conversion has different elements from a claim of unjust enrichment. "Conversion consists of a tortious detention or destruction of personal property, or a wrongful exercise of dominion or control over the property inconsistent with or in defiance of the rights of the owner." *Ritter*, 2004 ND 117, at ¶ 11, 680 N.W.2d 634. "Conversion requires an intent to exercise control or interfere with the use of property to such a degree as to require a forced sale of the plaintiff's interest in the [property] to the defendant." *Id.* A conversion claim, unlike an unjust enrichment claim, requires the plaintiff prove the defendant had an intent to deprive the plaintiff of the property. *See id.* The key to a conversion claim is not that the defendant acquired the plaintiff's property, but that the defendant wrongfully deprived the plaintiff of the property. *Id.* The two types of claims are different and it was possible McColl Farms would fail to prove its claim for conversion, leaving it without

a remedy provided by law and the ability to prove its claim for unjust enrichment. *See In re Estate of Hill,* 492 N.W.2d 288, 295–96 (N.D.1992) (court should consider possible recovery under an equitable remedy if the legal remedy fails). We conclude the court erred in dismissing the unjust enrichment claim solely based on its determination that a remedy at law was available.

[¶ 21] McColl Farms' complaint alleged Aaron McColl was employed by McColl Farms earning approximately $40,000 per year, Pflaum and Aaron McColl converted and misappropriated more than $650,000 from McColl Farms' accounts, funds from McColl Farms' accounts were placed in Pflaum and Aaron McColl's personal joint checking account between April 2007 and May 2009, Pflaum endorsed a check made payable to McColl Farms and deposited it into her personal checking account, Pflaum knew about the misappropriated funds and participated in the misappropriation, and she spent funds from the joint checking account. McColl Farms also alleged "Pflaum would not have the property and financial benefit she now enjoys but for the taking of McColl Farms money and converting it for her benefit." Construing the complaint in the light most favorable to McColl Farms, there is potential for proof to support the claim. We reverse the district court's dismissal of McColl Farms' claim for unjust enrichment.

## C

▇ [¶ 22] The court dismissed McColl Farms' misappropriation claim stating misappropriation is a cause of action that relates exclusively to the wrongful acquisition or disclosure of a trade secret under N.D.C.C. § 47–25.1–01, the allegations are the same as those for the conversion claim, the allegations are redundant, and North Dakota law does not recognize a claim for misappropriation. McColl Farms argues the court erred in dismissing its misappropriation claim, because the claim is not redundant and a civil claim for misappropriation is an available remedy.

[¶ 23] McColl Farms cites *Thompson v. Schmitz,* 2011 ND 70, ¶ 3, 795 N.W.2d 913, and N.D.C.C. §§ 10–19.1–85.1 and 10–32–52.1 in support of its argument that there is a cause of action for misappropriation and that courts have broad equitable powers to remedy misappropriation. In *Thompson,* shareholders of a corporation brought a personal and derivative action against the controlling shareholder and director of the corporation alleging misappropriation of corporate funds and seeking relief under N.D.C.C. § 10–19.1–85.1. *See Thompson v. Schmitz,* 2009 ND 183, ¶¶ 8, 18, 774 N.W.2d 263. Section 10–19.1–85.1, N.D.C.C., authorizes equitable remedies for corporate shareholders when a corporation or officer or director of the corporation violates the Business Corporation Act. Section 10–32–52.1, N.D.C.C., authorizes equitable remedies when a member of a limited liability company brings an action against the company or a manager or governor of the company for violating the Limited Liability Company Act. Pflaum was not a corporate officer, director, manager, or governor of the company, and therefore this case is different from *Thompson,* and the statutory provisions do not apply. We conclude the court did not err in dismissing McColl Farms' misappropriation claim.

## D

[¶ 24] McColl Farms argues the district court improperly dismissed its racketeering claim because the court used the criminal probable cause standard and a plaintiff is not required to establish proba-

ble cause in the pleading stage of a civil case.

[¶ 25] Section 12.1–06.1–05, N.D.C.C., provides a civil remedy for racketeering when a person has sustained an injury to his person, business, or property by a pattern of racketeering activity or by a violation of N.D.C.C. §§ 12.1–06.1–02 or 12.1–06.1–03. A "pattern of racketeering" is at least two acts of racketeering activity, one occurring after July 8, 1987, and the last occurring within ten years after the commission of a prior act of racketeering activity. N.D.C.C. § 12.1–06.1–01(2)(e). "Racketeering" is any act committed for financial gain, which is chargeable or indictable under the laws of the state in which the act occurred and involves forgery, theft, extortion, and other crimes. N.D.C.C. § 12.1–06.1–01(2)(f). An element of criminal activity is necessary to every racketeering claim. *Rolin Mfg., Inc. v. Mosbrucker,* 544 N.W.2d 132, 138 (N.D. 1996). Proof of two related predicate criminal acts is required. *Id.* It is necessary that either a prior conviction or probable cause be alleged with reference to the predicate acts because the acts alleged must be criminal acts and stating an act is criminal is not enough to make it true. *Id.* This Court has said "[a] plaintiff must plead a [racketeering] claim with a required particularity, similar to the requirement for pleading fraud." *Knutson v. County of Barnes,* 2002 ND 68, ¶ 12, 642 N.W.2d 910.

[¶ 26] McColl Farms alleged Pflaum perpetrated a pattern of racketeering activity, she committed either alone or in concert with another two or more acts punishable by a term of imprisonment in excess of one year, she forged Aaron McColl's name on a McColl Farms' check, she stole money from McColl Farms, she converted and was a party to the conversion of McColl Farms' property, she perpetrated actual theft from McColl Farms, and she extorted property from McColl Farms. McColl Farms' allegations were conclusory, it did not allege any prior convictions, and the allegations were not sufficient for probable cause. We conclude McColl Farms' racketeering claim was properly dismissed.

IV

[¶ 27] McColl Farms argues the district court erred in granting Pflaum's motion for summary judgment and dismissing its claim for conversion.

[¶ 28] Whether the district court properly granted summary judgment is a question of law, which we review de novo on the entire record. *Johnson v. Bronson,* 2013 ND 78, ¶ 9, 830 N.W.2d 595. The evidence is viewed in the light most favorable to the party opposing the motion, and this Court determines whether the available information precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. *Id.* The party seeking summary judgment has the initial burden of showing that the material facts or inferences to be drawn from the facts are undisputed and that the movant is entitled to judgment as a matter of law. *Perius v. Nodak Mut. Ins. Co.,* 2010 ND 80, ¶ 9, 782 N.W.2d 355. If the moving party meets its burden, the party resisting the motion cannot merely rely on the pleadings and unsupported conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact. *Id.* We have also said, "[w]hen no pertinent evidence on an essential element is presented to the district court in opposition to a motion for summary judgment, it is presumed no such evidence exists." *Schmitt v. MeritCare Health Sys.,* 2013

ND 136, ¶ 8, 834 N.W.2d 627 (citations omitted).

## A

[¶ 29] McColl Farms argues the district court erred in excluding attorney Johnston's affidavit and the attached exhibits submitted in support of its opposition to summary judgment. The exhibits are alleged to be copies of bank records and lists created purporting to show Pflaum's banking activities. McColl Farms contends most of the affidavit was for authentication of the exhibits, which included evidence highly relevant to the summary judgment motion. The court excluded the affidavit and attached exhibits ruling the affidavit was not based on personal knowledge as required by N.D.R.Civ.P. 56(e)(1). The court ruled there was no evidence in the affidavit that established an evidentiary foundation that Johnston had personal knowledge about any of the exhibits and there were no facts alleged that would support a hearsay exception.

[¶ 30] Rule 56(e)(1), N.D.R.Civ.P., requires that affidavits supporting or opposing a motion for summary judgment "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." The trial court properly refuses to consider an affidavit that is not based on the affiant's personal knowledge. *Perius*, 2010 ND 80, ¶ 17, 782 N.W.2d 355; *Hummel v. Mid Dakota Clinic, P.C.*, 526 N.W.2d 704, 708 (N.D.1995). Statements in an affidavit must set forth facts that would be admissible in evidence. *In re Estate of Stanton*, 472 N.W.2d 741, 745 (N.D.1991). Hearsay statements are generally not admissible and will not be considered in deciding a motion for summary

judgment unless the statements fall within an exception to the hearsay rule. *Id.*

[¶ 31] An attorney's affidavit made on information and belief, and not personal knowledge, does not comply with N.D.R.Civ.P. 56(e). *Hummel*, 526 N.W.2d at 708. An attorney's affidavit is not a substitute for the party's personal knowledge and is admissible only to prove facts that are within the attorney's personal knowledge and to which he is competent to testify. *Id.*

[¶ 32] Here, Johnston did not have personal knowledge about the bank records or about Pflaum's banking activities. The affidavit did not contain any other information based on the Johnston's first-hand, personal knowledge of the relevant facts, and there were no facts alleged that would support a hearsay exception. We conclude the district court properly refused to consider Johnston's affidavit and the attached exhibits.

## B

[¶ 33] McColl Farms argues the court erred in excluding Aaron McColl's affidavit and the information in Cynthia McColl's affidavit based on statements from Aaron McColl. Both parties agree that the evidence was hearsay and that inadmissible hearsay statements may not be used in summary judgment proceedings. McColl Farms contends the court erred in excluding both Aaron McColl's affidavit and statements in Cynthia McColl's affidavit because the affidavits contained statements against interest and were admissible under N.D.R.Ev. 804(b)(3).

[¶ 34] Aaron McColl's signed affidavit was filed on March 29, 2012, and Cynthia McColl's affidavit was filed on September 4, 2012. Aaron McColl passed away on April 30, 2012, and notice of his death was filed with the court on May 8, 2012. The

district court concluded any statements that Aaron McColl made in his affidavit or that he made to Cynthia McColl and were included in her affidavit were inadmissible hearsay and would not be considered in deciding the motions for summary judgment. The court ruled that any statements limited to subjecting only Aaron McColl to civil or criminal liability were admissible under the hearsay exception for statements against interest, but the exception did not apply to Aaron McColl's statements that include allegations of Pflaum's wrongful conduct because they are not statements against Aaron McColl's interest.

[¶ 35] Rule 804, N.D.R.Ev., provides certain hearsay exceptions that apply when the declarant is unavailable as a witness, including:

Statement Against Interest. A statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability or to render invalid a claim by the declarant against another or to make the declarant an object of hatred, ridicule, or disgrace, that a reasonable person in the declarant's position would not have made the statement without believing it to be true.

N.D.R.Ev. 804(b)(3). A declarant is "unavailable" when he is "unable to be present or to testify at the hearing because of death...." N.D.R.Ev. 804(a)(4).

[¶ 36] Aaron McColl, because of his death, was unavailable for purposes of the hearsay exceptions contained in N.D.R.Ev. 804. Aaron McColl's statements in the affidavit or to Cynthia McColl that would subject him to criminal or civil liability or about his actions in taking funds belonging to McColl Farms may be admissible under N.D.R.Ev. 804(b)(3) as a statement against interest. The district court ruled any statements against interest were admissible and would be considered. However, most of the statements in Aaron McColl's affidavit related to Pflaum's actions, including that Pflaum converted and misappropriated thousands of dollars rightfully belonging to McColl Farms, Pflaum forged his name on a McColl Farms' check, and Pflaum spent money from their personal checking account that she knew came from McColl Farms and that she knew she should not be spending. These are not statements against Aaron McColl's interest and the court properly found the hearsay exception of statement against interest did not apply. Similarly, the court properly ruled the hearsay exception did not apply to the information in Cynthia McColl's affidavit related to statements Aaron McColl made to her about Pflaum's actions.

[¶ 37] McColl Farms also argues Aaron McColl's statement was admissible under the residual exception to the hearsay rule. Rule 807, N.D.R.Ev., the residual hearsay exception states:

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

[¶ 38] The district court ruled Aaron McColl's affidavit was not admissible under N.D.R.Ev. 807, stating Aaron McColl's death by itself is not an adequate reason for the affidavit's admission and admission of the affidavit would be con-

trary to the interests of justice because there was no opportunity to cross examine Aaron McColl. The court further ruled the statements in the affidavit are not probative of their content, the statements are conclusory, McColl Farms could have pursued statements or admissions from Pflaum, and there were other reasonable means to establish alternative evidence of the claims. The court did not err in ruling the statements were not admissible under N.D.R.Ev. 807.

[¶ 39] Furthermore, Aaron McColl's affidavit contained bare conclusory allegations and was not sufficient to raise an issue of material fact. *See Perius*, 2010 ND 80, ¶ 18, 782 N.W.2d 355 (affidavits containing conclusory allegations on an essential element of a claim are insufficient to raise a genuine issue of material fact).

[¶ 40] We conclude the district court did not err in excluding Aaron McColl's affidavit and statements in Cynthia McColl's affidavit relating to statements Aaron McColl made to her.

C

[¶ 41] McColl Farms argues there were issues of material fact and the district court erred in dismissing its conversion claim. McColl Farms contends there was evidence supporting its claim and raising an issue of material fact, including Pflaum spent substantially more money from her and Aaron McColl's joint checking account than she knew they were earning, she deposited a check belonging to McColl Farms into the joint account and withdrew cash for herself showing she participated and deprived McColl Farms of its funds, and she admitted she did not have the authority to deposit and withdraw funds from a check belonging to McColl Farms.

[¶ 42] Conversion is "a tortious detention or destruction of personal property, or a wrongful exercise of dominion or control over the property inconsistent with or in defiance of the rights of the owner." *Ritter*, 2004 ND 117, ¶ 11, 680 N.W.2d 634. Conversion requires an intent to exercise control or to interfere with the use of the property to such a degree as to require a forced sale of the plaintiffs' interest to the defendant. *Id.* "The gist of conversion is not in acquiring the complainant's property, but in wrongfully depriving the complainant of the property." *Id.*

[¶ 43] McColl Farms claims it presented evidence creating a genuine issue of material fact about its conversion claim, citing evidence contained in the bank records it submitted with Johnston's affidavit. This evidence was not admissible and the court properly refused to consider it in deciding Pflaum's motion for summary judgment. A party resisting a motion for summary judgment cannot merely rely on the pleadings and briefs, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact. *Schmitt*, 2013 ND 136, ¶ 8, 834 N.W.2d 627. McColl Farms has not cited any admissible evidence in the record that raises an issue of material fact. Trial and appellate courts do not have a duty to search the record for evidence that would preclude summary judgment. *See, e.g., Tarnavsky v. Rankin*, 2009 ND 149, ¶ 8, 771 N.W.2d 578. Most of the evidence McColl Farms submitted to oppose Pflaum's motion for summary judgment was not competent admissible evidence, and the remaining evidence was conclusory and was not sufficient to raise an issue of material fact. We conclude the district court properly granted summary judgment dismissing McColl Farms' conversion claim.

## V

[¶ 44] McColl Farms argues the district court erred in assessing sanctions under N.D.R.Civ.P. 11(b). McColl Farms claims the court erroneously found the action was brought without a legal foundation or a factual basis for the arguments.

[¶ 45] Rule 11(b), N.D.R.Civ.P., provides:

By presenting to the court a pleading, written motion, or other paper, whether by signing, filing, submitting, or later advocating it, an attorney or self-represented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or are reasonably based on belief or a lack of information.

[¶ 46] The district court may award sanctions against an attorney, a represented party, or both, if they violate or are responsible for a violation of N.D.R.Civ.P. 11(b). N.D.R.Civ.P. 11(c)(1); *Simpson v. Chicago Pneumatic Tool Co.*, 2005 ND 55, ¶ 16, 693 N.W.2d 612. The court has discretion in determining whether to impose sanctions for a violation of N.D.R.Civ.P. 11(b), and this Court will not disturb the imposition of sanctions unless the court abused its discretion. *Heinle v. Heinle*, 2010 ND 5, ¶ 27, 777 N.W.2d 590. Any factual determinations relevant to the issue are viewed under the clearly erroneous standard. *Id.*

[¶ 47] The district court found there were Rule 11(b) violations and held the purpose of the suit was to collaterally attack Aaron McColl and Pflaum's divorce judgment, McColl Farms' claim for conversion was the only claim that had some basis in law, and McColl Farms did not offer any admissible evidence to support the claim. The court ruled that pursuing the action for the purpose of collaterally attacking the divorce judgment and with no proper legal or factual basis McColl Farms, Aaron McColl, and Johnston violated N.D.R.Civ.P. 11(b)(1), (2), and (3). Because we are reversing the court's dismissal of McColl Farms' unjust enrichment claim, we conclude the court abused its discretion in awarding sanctions. We reverse the court's decision to award sanctions, although the court may consider the issue again on remand.

[¶ 48] Pflaum also moved for attorney's fees and costs on appeal under N.D.R.App.P. 38, arguing McColl Farms' appeal was frivolous. We conclude McColl Farms' appeal was not frivolous and Pflaum's motion for attorney's fees is denied.

## VI

[¶ 49] We have considered the remaining issues and arguments and find they are either unnecessary to our decision or are without merit. We affirm in part and reverse in part the final judgment of dismissal, and we remand for further proceedings consistent with this opinion.

[¶ 50]   GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.