# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 105

| | |
|---|---|
| Alan J. Albrecht, | Plaintiff and Appellant |
| v. | |
| Mark Albrecht, | Defendant and Appellee |
| and | |
| Kim Albrecht, | Defendant |

### No. 20190222

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Alan J. Albrecht, Blaine, MN, plaintiff and appellant.

Kasey D. McNary, Fargo, ND, for defendant and appellee.

**McEvers, Justice.**

[¶1]  Alan Albrecht appeals from a district court judgment dismissing his complaint against Mark Albrecht with prejudice.  We conclude Alan Albrecht lacks standing to bring the action.  We affirm.

I

[¶2]  The background for this case stems from prior litigation in the divorce proceedings of Glen and Sharleen Albrecht, who are the parents of Alan Albrecht and Mark Albrecht, *see Albrecht v. Albrecht,* 2014 ND 221, 856 N.W.2d 755, and continuing in the probate of Sharleen Albrecht's estate, *see In re Estate of Albrecht*, 2020 ND 27, 938 N.W.2d 151; *In re Estate of Albrecht*, 2018 ND 67, 908 N.W.2d 135.

[¶3]  In this case, Alan Albrecht served a summons and complaint on Mark Albrecht in December 2018, naming his brother and brother's wife as defendants and alleging contempt of court and unjust enrichment.  He alleges that, while Glen and Sharleen Albrecht's divorce was pending and restraining provisions were in effect, their late-mother Sharleen Albrecht changed the beneficiary designation on an investment account owned by her, removing Alan Albrecht as one of the beneficiaries and naming only Mark Albrecht as the transfer-on-death beneficiary.  He further alleges that, in contravention of the divorce summons and interim order's restraining provisions, Sharleen Albrecht liquidated the investment account and the proceeds from the liquidated account were subsequently transferred to Mark Albrecht after Sharleen Albrecht's death.

[¶4]  Mark Albrecht answered and moved to dismiss the complaint.  Alan Albrecht moved for summary judgment.  In May 2019, the district court held a hearing on the motion to dismiss.  The court declined to hear the summary judgment motion at that time.  In June 2019, the court dismissed the complaint in its entirety with prejudice, and judgment was subsequently entered.

## II

[¶5] Our standard for reviewing a district court's decision under N.D.R.Civ.P. 12(b)(6) dismissing a complaint for failure to state a claim is well established:

> A motion to dismiss a complaint under N.D.R.Civ.P. 12(b)([6]) tests the legal sufficiency of the statement of the claim presented in the complaint. Under N.D.R.Civ.P. 12(b)([6]), a complaint should not be dismissed *unless it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted.* On appeal, the complaint must be construed in the light most favorable to the plaintiff, taking as true the well-pleaded allegations in the complaint. We will affirm a judgment dismissing a complaint for failure to state a claim if we cannot discern a potential for proof to support it.

*In re Estate of Dionne*, 2013 ND 40, ¶ 11, 827 N.W.2d 555 (internal quotation marks and citations omitted) (emphasis added); *see also Hale v. State*, 2012 ND 148, ¶ 13, 818 N.W.2d 684. This Court reviews the district court's decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo. *In re Estate of Nelson*, 2015 ND 122, ¶ 5, 863 N.W.2d 521.

[¶6] A claim should not be dismissed under N.D.R.Civ.P. 12(b)(6) unless it appears beyond a doubt the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Bala v. State*, 2010 ND 164, ¶ 7, 787 N.W.2d 761. This Court will affirm a dismissal of the claim only if it cannot discern a potential for proof to support it. *Moseng v. Frey*, 2012 ND 220, ¶ 5, 822 N.W.2d 464.

## III

[¶7] Alan Albrecht argues the district court erred in granting the motion to dismiss with prejudice. He argues that the court failed to exercise independent judgment by adopting the personal representative's findings, conclusions and order; that Sharleen Albrecht was prohibited from changing the beneficiary on the investment account under restraining provisions of the summons and the interim order in place in the divorce action; and that the court erred in

concluding he did not have standing to bring the lawsuit and erred in dismissing the suit as a claim for contempt.

[¶8] The dispositive issue is whether Alan Albrecht has standing in this action to seek relief for Sharleen Albrecht's alleged violation of the summons and interim order in the divorce action.

[¶9] To have standing to litigate an issue, a party must have suffered some injury from the putatively illegal action and must assert the party's own legal rights and interests. *In re J.D.F.*, 2010 ND 160, ¶ 14, 787 N.W.2d 738; *see also McColl Farms, LLC v. Pflaum*, 2013 ND 169, ¶ 10, 837 N.W.2d 359 (holding plaintiff did not have standing to raise any issues about whether the court erred in deciding a non-appealing party's claims on the merits or ordering sanctions).

[¶10] "The litigant must have an interest, either in an individual or representative capacity, in the cause of an action, or a legal or equitable right, title, or interest in the subject matter of the controversy in order to invoke the jurisdiction of the court." *Whitecalfe v. N.D. Dep't of Transp.*, 2007 ND 32, ¶ 15, 727 N.W.2d 779. Standing involves a two-prong inquiry:

> First, the plaintiff must have suffered some threatened or actual injury resulting from the putatively illegal action. Secondly, the asserted harm must not be a generalized grievance shared by all or a large class of citizens; the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights and interests of third parties.

*Id.* at ¶ 16 (quoting *Flatt v. Kantak*, 2004 ND 173, ¶ 38, 687 N.W.2d 208 (citations omitted)). Whether a party has standing to litigate an issue presents a question of law, which we review de novo. *Whitecalfe*, at ¶ 15.

[¶11] In its June 2019 order, the district court addressed multiple grounds for dismissing the complaint. The court held Alan Albrecht failed to allege facts sufficient to support a claim for unjust enrichment against Mark Albrecht; that the divorce summons and interim order did not prohibit the conduct Alan Albrecht alleges gives rise to a claim for unjust enrichment; and that, to the

extent his claim could be construed as one for contempt of court, that claim must be dismissed because contempt actions must be prosecuted in the same case in which the contempt occurred.

[¶12] The district court also concluded that Alan Albrecht lacked standing to seek redress based on the alleged violation of the summons or interim order in the divorce action between Glen and Sharleen Albrecht. The court held Alan Albrecht never had a vested interest in the investment account and the summons and interim order were not entered for Alan Albrecht's protection. The court held Alan Albrecht's claim failed under N.D.C.C. § 30.1-31-08 because the account did not exist at the time of Sharleen Albrecht's death and he never acquired an interest in the "sums on deposit."

[¶13] We note courts have held, in some circumstances, that a plaintiff has standing to sue when beneficiary designations on P.O.D. accounts have been changed due to allegations of constructive fraud, undue influence, or lack of testamentary capacity. *See, e.g., In re Estate of Owens*, 413 P.3d 255, 261 (Colo. Ct. App. 2017); *Crosby v. Luehrs*, 669 N.W.2d 635, 648 (Neb. 2003). Standing is proper for the court to have jurisdiction to grant equitable relief when appropriate, *e.g.*, to impose a constructive trust and to review a plaintiff's claims. *See Owens*, at 261. Nevertheless, the present action is distinguishable.

[¶14] Here, Alan Albrecht's complaint challenges Sharleen Albrecht's alleged conduct and transfers during her lifetime while the prior divorce action was pending. The summons and interim order's restraining provisions in the divorce apply to and are generally for the benefit of the parties to the divorce action. While Alan Albrecht appears to claim an interest in the investment account as a beneficiary, under N.D.C.C. § 30.1-31-08(3), "[a] beneficiary in an account having a P.O.D. designation has no right to sums on deposit during the lifetime of any party." Alan Albrecht had no vested interest to the sums in the investment account at the time of alleged beneficiary change and subsequent account liquidation, therefore, under these facts and circumstances, he lacks standing under N.D.C.C. § 30.1-31-08(3).

4

[¶15] On its face, this action seeks to vindicate the interest of Glen Albrecht in the divorce action. Under our two-prong inquiry for standing, even assuming Alan Albrecht "suffered some threatened or actual injury resulting from the putatively illegal action," we conclude he is not "assert[ing] his own legal rights and interests," but rather his claims rest on the legal rights and interests of a third party, Glen Albrecht, in the divorce action. *See McColl Farms*, 2013 ND 169, ¶ 10, 837 N.W.2d 359; *Whitecalfe*, 2007 ND 32, ¶ 16, 727 N.W.2d 779. We therefore conclude Alan Albrecht lacks standing to bring this separate action, seeking relief for his mother's alleged violations of the parents' divorce action's restraining provisions.

IV

[¶16] We have considered Alan Albrecht's remaining arguments and deem them without merit or unnecessary to our opinion. The judgment is affirmed.

[¶17] Lisa Fair McEvers
Gerald W. VandeWalle
Jon J. Jensen, C.J.
Daniel J. Crothers
Jerod E. Tufte