# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2025 ND 206

MidFirst Bank, a Federally Chartered
Savings Association,

Plaintiff and Appellee

v.

James C. Young and Tahnee Higgins
a/k/a Tahnee R. Higgins a/k/a Tahnee
R. Young,

Defendants and Appellants

and

A.R. Audit Services Inc. and BMO Harris
Bank National Association d/b/a Bank
of the West and United States of America,
acting by and through the Secretary of
Housing and Urban Development, and any
person in possession,

Defendants

### No. 20240266

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Cherie L. Clark, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Tyler S. Wirick, Salt Lake City, Utah, for plaintiff and appellee.

James C. Young (argued) and Tahnee R. Young (appeared), self-represented, Fargo, N.D., defendants and appellants.

**Tufte, Justice.**

[¶1] James and Tahnee Young appeal a district court judgment denying their motion for summary judgment and granting MidFirst Bank's cross-motion for summary judgment. The court held that the Youngs did not have standing to assert their fraud claim and that the Youngs' other claims lacked merit. We affirm.

I

[¶2] In April 2016, James and Tahnee Young (the "Youngs") executed a promissory note for $275,793.00 and a corresponding mortgage on property located in Fargo, North Dakota. The original lender was The Mortgage Company, Inc., with the mortgage naming Mortgage Electronic Registration Systems, Inc. (MERS), as nominee.

[¶3] MidFirst Bank ("MidFirst") took ownership of the note in July 2022. MidFirst received the Youngs' last payment on the note in February 2023. MidFirst served them with a foreclosure notice in December 2023. In February 2024, MidFirst served and filed a foreclosure complaint. The Youngs answered and asserted counterclaims for fraudulent misrepresentation, violation of the Fair Debt Collection Practices Act (FDCPA), violation of the Fair Credit Reporting Act (FCRA), violation of the Real Estate Settlement Procedures Act (RESPA), unjust enrichment, coercive collection practices, and constructive fraud. The Youngs' theory rested primarily on allegations that the assignment's signature was either "robo-signed" or forged, supported by affidavits from three purported handwriting experts.

[¶4] In July 2024, the district court granted MidFirst's cross-motion for summary judgment and denied the Youngs' motion for summary judgment. The court also denied the Youngs' request for audio recordings of court hearings. The Youngs timely appealed.

1

[¶5]   The Youngs argue that the district court erred when it denied their motion for summary judgment and granted MidFirst's cross-motion for summary judgment. A court may resolve a controversy on the merits without a trial by granting summary judgment under N.D.R.Civ.P. 56(c)(3) when there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. *Kulczyk v. Tioga Ready Mix Co.*, 2017 ND 218, ¶ 9, 902 N.W.2d 485. The moving party must show there are no genuine issues of material fact and the suitability of judgment as a matter of law. *Id*. We review a district court's decision on summary judgment de novo on the record. *Id*.

[¶6]   The Youngs argue the district court erred by granting summary judgment to MidFirst because they raised a genuine issue of material fact. They argue three affidavits from alleged handwriting experts raised a factual issue about MidFirst's authority to foreclose, making summary judgment in this action inappropriate. MidFirst responds that the Youngs lack standing to allege fraud in the assignment contract because they were not parties to it. Because the Youngs did not have standing for the fraud claim and MidFirst was entitled to foreclose in all other respects, MidFirst argues there is no genuine issue of material fact and it is entitled to summary judgment.

[¶7]   "To have standing to litigate an issue, a party must have suffered some injury from the putatively illegal action and must assert the party's own legal rights and interests." *Albrecht v. Albrecht*, 2020 ND 105, ¶ 9, 942 N.W.2d 875. Whether a party has standing is a question of law. *Id*. ¶ 10. Under North Dakota law, a nonparty to a contract has no rights infringed by fraud in that contract. *See* N.D.C.C. § 9-03-08.

[¶8]   The district court held that the Youngs did not raise a genuine issue of material fact because they lacked standing to challenge the mortgage assignment. Courts in other jurisdictions consistently hold that a mortgagor lacks standing to challenge a mortgage assignment when the mortgagor was not a party to the assignment. *Quale v. Aurora Loan Servs., LLC*, 561 F. App'x 582, 583 (8th Cir. 2014) (citing *Gerlich v. Countrywide Home Loans, Inc.*, No. 10-4520, 2011

WL 3920235, at \*3 (D. Minn. Sept. 7, 2011)); *Dixon v. Stern & Eisenberg, PC*, No. 5:14-CV-4551, 2015 WL 3833782, at \*11 (E.D. Pa. June 22, 2015) (holding that mortgagor lacked standing to challenge mortgage assignment), *aff'd sub nom. Dixon v. Stern & Eisenburg, PC*, 652 F. App'x 128 (3d Cir. 2016); *Newman v. Real Time Resolutions, Inc.*, 994 N.W.2d 852, 857-58 (Mich. Ct. App. 2022) (holding that assignors and assignees can challenge an assignment, but not third parties). A mortgagor ordinarily is not a party to the mortgage assignment contract and thus sustains no injury from fraud in the assignment. *See Quale*, 561 F. App'x at 583; *see also* N.D.C.C. § 9-03-08.

[¶9] We agree that the Youngs lacked standing to challenge the mortgage assignment because they were not parties to it. The assignment involved only an assignor and an assignee, MidFirst. The Youngs were not parties to the assignment and failed to demonstrate otherwise that their rights could be infringed by a fraudulent assignment. Even if the assignment were fraudulent, the Youngs would not have had their rights infringed. As nonparties, the Youngs lacked standing to allege fraud in the assignment contract and therefore failed to raise a genuine issue of material fact.

[¶10] MidFirst established that it is entitled to foreclose on the Youngs' property as a matter of law regardless of any dispute about the assignment of the mortgage. A party holding a note secured by a mortgage may pursue foreclosure under the terms of the mortgage. *Bray v. Bank of Am.*, No. 1:09-CV-075, 2011 WL 30307, at \*5 (D.N.D. Jan. 5, 2011), aff'd, 497 F. App'x 685 (8th Cir. 2013). In North Dakota, ownership of a mortgage passes along with ownership of the note. N.D.C.C. § 35-03-01.2(7). The record indicates that MidFirst holds the note and that it did not violate the terms of the mortgage or any law when foreclosing. Therefore, the district court correctly held that MidFirst was entitled to judgment as a matter of law and granted it summary judgment.

[¶11] Because the Youngs lack standing to challenge the assignment, their fraud claim fails as a matter of law. Without standing to pursue their central fraud theory, the Youngs cannot raise a genuine issue of material fact sufficient to defeat summary judgment.

## III

[¶12] The Youngs argue that the district court demonstrated bias when the judge suggested that they retain counsel, rather than proceed pro se. The transcript from the hearing on April 23, 2024, does not demonstrate bias on this point:

> THE COURT: All right. Is there anything else that we should address today? I'm somewhat confused by your filings, Mr. Young. Do you intend to get a lawyer for these proceedings or are you going to act as your own attorney through this case?
>
> MR. YOUNG: Act as my own. . . .
>
>     . . . .
>
> THE COURT: I would recommend that you get in an attorney so that we can follow the rules and do it right, but you seem like you've been through this before[.]

We disagree that the court's suggestion to retain counsel demonstrates bias. An attorney can assist a party in asserting that party's rights and generally promotes judicial efficiency. Attorneys have the knowledge and expertise to help parties guard their interests and navigate oftentimes complex substantive legal doctrines and procedural rules.

[¶13] The Youngs also argue that the district court demonstrated bias by using narrow procedural technicalities to dismiss their claims and avoid addressing their substantive arguments. They argue that the emphasis on procedure prejudiced their case, because as self-represented non-attorneys they did not have the procedural expertise to navigate the complexities of litigation, in contrast to MidFirst, which had representation. At the hearing on May 30, 2024, the court pressed the Youngs to show how the North Dakota Rules of Civil Procedure supported their position on a motion for sanctions:

> THE COURT: . . . Ma'am, … will you look at Rule 11 and tell me the specific part of Rule 11 that you're claiming, because under Rule 11, what the Court is seeing, is that it has to be filings with the court. He's talking about extra court conversations. So if you have Rule 11, will you look up Rule 11 and then tell me what specific part of Rule 11 you're claiming these sanctions under. And I'm going to take a

4

five-minute recess just because I don't want to put too much pressure on you guys so that you guys can look that up.
MR. YOUNG: Fair enough.
MS. YOUNG: Okay.

[¶14] Nothing in the record demonstrates judicial bias. The district court granted a recess to give the Youngs additional time to search for authority to support their motion, giving an accommodation to their side, not to MidFirst's. The Youngs have not met the high standard required to establish bias.

[¶15] Relatedly, the Youngs argue the district court erred when it denied their request for audio recordings of the hearings on April 23, 2024, and May 30, 2024. At oral argument before this Court, the Youngs asserted several of the judge's comments were missing from the transcript. In their briefs, the Youngs argue the audio recordings would have permitted "verifying transcript correctness and capturing the tone and context of the proceedings," which they argue goes to their judicial bias claim.

[¶16] Under our Administrative Rules, "[p]arties and their attorneys may access or obtain copies of an audio recording of a trial court proceeding without charge, unless access is restricted by order of the court." N.D. Sup. Ct. Admin. R. 40(2)(a). Court records are presumptively open and accessible. N.D. Sup. Ct. Admin. R. 41(3)(a). The court may restrict access to a case record, such as an audio recording of a hearing, under N.D. Sup. Ct. Admin. R. 41(4)(a). We review a decision restricting access to court records for abuse of discretion. "A trial court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, when its decision is not the product of a rational mental process leading to a reasoned determination, or when it misapplies or misinterprets the law." *Haider v. Moen*, 2018 ND 174, ¶ 6, 914 N.W.2d 520.

[¶17] The district court denied the Youngs' request, explaining that the transcript is the official record of the proceedings. This explanation merely summarizes N.D. Sup. Ct. Admin. R. 40(3): "Unless otherwise provided by court rule, the transcript of the proceeding, and not an audio recording provided under this rule, is the official record of the proceeding." Explaining that the transcript is the official record does not explain why the court denied access to another

record. Our rules implement the constitutional presumption of open access to all court records, whether those records are an official record of a proceeding or not. The court's response did not provide a reason for denying the record requested, and the record does not show that the court ordered this access restriction consistent with Rule 41(4). Although no reason is necessary, a litigant's desire to ensure accuracy of the official record is a legitimate reason to access a recording. *Williamson v. State*, 2023 ND 179, ¶ 3, 996 N.W.2d 312 (reviewing denial of a N.D.R.App.P. 10(h) motion to correct a transcript to accurately reflect the audio recording); N.D. Sup. Ct. Admin. R. 41(5)(c)(2) ("The record custodian may not ask the motive or reason for requesting the records . . . ."). A court's determination to restrict access to the audio recording of a proceeding must be case-specific, and any court order restricting access to an audio recording of a court proceeding that does not address the specific considerations of Rule 41(4)(a)(3) is an abuse of discretion.

[¶18] As presented in this appeal, the district court's abuse of discretion on this point was harmless error. "Put simply, an error is harmless if it does not affect the outcome of the case or a party's substantial rights." *Senger v. Senger*, 2022 ND 229, ¶ 12, 983 N.W.2d 160 (citing N.D.R.Civ.P. 61). A judge's tone, even if it suggests bias toward or against a party, normally does not meet the high bar required to establish judicial bias. Expressions of impatience, dissatisfaction, annoyance, and even anger are considered within the bounds of behavior that a judge may display and do not establish judicial bias or partiality. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 445 F. Supp. 3d 535, 554 (N.D. Cal. 2020). Even if the audio recordings had shown the tone and context that the Youngs claim they would have, the judicial bias claim would still have failed to meet the high bar necessary for such a claim. *See Evenstad v. Buchholz*, 1997 ND 141, ¶ 11, 567 N.W.2d 194 (holding that general allegations are insufficient to prove bias).

[¶19] Additionally, the Youngs' assertion that the transcript was missing several of the judge's comments does not rebut the presumption of regularity afforded to the person preparing the transcript. Absent a modification made under N.D.R.App.P. 10(h) to correct or supplement the record, this Court presumes the regularity and accuracy of the record transmitted by the clerk and the transcript

certified by the court reporter. N.D.C.C. § 31-11-03(15); N.D. Sup. Ct. Admin. R. 39(5) (charging district court staff with the official duty to prepare transcripts of proceedings in accordance with Appellate Rules); *Coulter v. Ramberg*, 55 N.W.2d 516, 518 (N.D. 1952) (holding that evidence is necessary to rebut the official duty presumption of regularity). The Youngs dispute the completeness of the transcript, but they did not make the appropriate motion to this Court to correct the record. Although they were present at the hearings, neither in their briefs nor at oral argument were they able to describe any statement missing from the transcript. We decline to entertain disputes about the accuracy of the record outside of a Rule 10(h) motion. The presumption therefore controls here. In the specific context of the issues presented in this appeal, the district court's error in refusing to provide the Youngs with a copy of the audio recordings was harmless.

IV

[¶20] We address two remaining issues raised by the Youngs on appeal. The Youngs argue that MidFirst's appellee brief was untimely and therefore should not be considered by this Court on appeal. The Youngs had filed a motion with this Court seeking to enforce their understanding of the briefing schedule, with the result that MidFirst's brief would be found untimely and not considered. Under our appellate rules, a single justice of the Supreme Court "may entertain and grant or deny any request for relief which may properly be sought by motion under these [the appellate] rules[.]" N.D.R.App.P. 27(d). The party bringing the motion may request the full court to reconsider the single justice's decision if denied. *Id*.

[¶21] On July 9, 2025, Chief Justice Jensen denied the Youngs' motion opposing consideration of MidFirst's brief. The Youngs did not request the full court to reconsider the Chief Justice's decision, and only raised the issue in their merits appellate brief. The Youngs made their argument on motion and had the opportunity to have the entire Court reconsider the Chief Justice's decision. We decline to reconsider the Chief Justice's decision at this stage.

[¶22] The Youngs argue that MidFirst violated the FDCPA, the FCRA, and the RESPA when foreclosing on their property. The district court found that res judicata barred the FDCPA and FCRA claims, which had been decided in federal court. *Young v. Midland Mortg.*, No. 3:23-cv-119, 2023 WL 8582604, at *1 (D.N.D. Nov. 20, 2023), *report and recommendation adopted*, No. 3:23-cv-119, 2023 WL 8567154 (D.N.D. Dec. 11, 2023). The district court also held that the Youngs' RESPA claim failed because they did not show proof of actual damages. We find no merit to the Youngs' argument concerning RESPA on appeal. Accordingly, we affirm the district court's judgment regarding the federal law claims.

V

[¶23] The Youngs' remaining arguments were inadequately briefed or lack merit. We hold that the district court's abuse of discretion in denying access to the audio recordings was harmless error and affirm the district court's grant of summary judgment to MidFirst.

[¶24] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

8